**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FLEXPORT, INC. ) | |
| ) | Case Number: 3:25-cv-02500-RFL |
| Plaintiff, ) | |
| ) | STIPULATED ORDER RE: DISCOVERY |
| vs. ) | OF ELECTRONICALLY STORED |
| ) | INFORMATION |
| FREIGHTMATE AI, INC., ) | |
| YINGWEI (JASON) ZHAO, and ) | |
| BRYAN LACAILLADE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**1.    PURPOSE**

This Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. In this Order, "ESI" means files, documents, emails and other forms of electronic correspondence, or other data stored on computers, file servers, the Internet, or any other devices or media, and includes metadata associated with any of the foregoing.

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of Electronically Stored Information.

**3.    LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and

production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) The parties agree that only ESI created or received after January 1, 2021, is required to be preserved for this case.

b) Any parties who are individual (natural) persons shall only be responsible for preserving their own ESI and that of their affiliates, agents, officers, employees, representatives, insurers, or other persons or entities acting or purporting to act on such party's behalf. The Parties agree to exchange a list of the types of ESI they believe should be preserved by the corporate Parties and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The Parties shall negotiate in good faith to arrive at a mutually acceptable list.

5. **SEARCH**

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer as necessary about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. **PRODUCTION FORMATS**

The parties agree to produce documents in accordance with this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

Subject to the exceptions for documents to be produced in Native Format, documents will be produced as Bates-stamped tagged image file format ("Tiff") images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI,

and OCR text for scanned hard copy documents and ESI that does not contain extractable text.

a) **De-duplication**. The parties will use industry-standard MD5 or SHA hash values at the family level to globally deduplicate all files identified for production. Stand-alone Electronic Documents will not be compared to email attachments for deduplication purposes. Hard copy documents containing annotations or handwritten notes will not be considered duplicative of any other document.

b) **Document Unitization**. Attachments will be produced with the parent documents. Unless documents within a family contain solely Privileged Information, parties will produce complete document families where any portion of the family contains relevant information. Where documents are produced and the full family is not included, the Producing Party will identify the missing attachments by means of a "placeholder" file explaining why the document was not produced.

Where the Producing Party converts hard copy documents into electronic format, distinct documents must not be merged into a single record.

Hard copy Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips, or any other method, will be produced in a manner that reflects these divisions.

c) **Production Delivery.** Productions shall be delivered via secure online data transfer or on an external hard drive if the size of a production makes online transfer impractical.

d) **Encryption.** To maximize the security of information in transit, the Parties shall encrypt any media on which documents are produced. In such cases, the Producing Party will transmit the encryption key or password and applicable instructions to the Receiving Party, upon receipt of the encrypted media.

e) **Load Files**. A Concordance compatible data load file will be provided with each production volume containing a header row listing all metadata fields included in the volume. Image load files will be produced in Concordance/Opticon compatible format.

f) **Tiff Image Requirements.**

     i. Tiff images will be produced in color, 300x300 dpi Group IV single-page format and will be consecutively Bates-stamped.

     ii. Apart from Privileged Information, images will include the following content where present:

          1) For word processing files (e.g., Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content.

          2) For presentation files (e.g., Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

          3) For spreadsheet files (e.g., Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and any similar in-line editing or hidden content.

g) **Native Production Requirements.**

     i. Spreadsheet files (e.g., Microsoft Excel and .csv files) shall be provided in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

     ii. The parties may use a Native File redaction tool (e.g. "Blackout") to redact Privileged Information from documents produced in Native Format as long as the Receiving Party can easily identify the redactions.

     iii. When redaction of a spreadsheet is necessary in image format, a redacted full Tiff version may be produced if the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably usable in Tiff format, the parties will meet-and-confer to determine a suitable production format.

     iv. Media files (e.g. .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

     v. The parties will meet-and-confer to discuss a suitable production format for

any proprietary or non-standard file types that require special software or technical knowledge for review, Databases and Database reports, and any document types that cannot be accurately rendered or reviewed in image format.

vi. The parties may request color copies of any documents that cannot be accurately reviewed in black and white Tiff format. Reasonable requests for color documents should not be refused.

vii. Parties may also produce documents in native format as they so desire.

h) **Extracted Text/OCR.**

i. Electronically Extracted Text must be provided if available for documents collected from electronic sources. Text generated via OCR shall be provided for all documents that do not contain electronically extractable text (e.g. non-searchable PDF files or JPG images), for documents redacted in image format, and hard copy documents. The parties will not degrade the searchability of documents as part of the document production process.

ii. Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.

iii. Text files will be named according to the beginning Bates number of the document to which they correspond.

i) **Metadata Fields**. Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH, (e) CUSTODIAN, (f) DEDUPED_CUSTODIAN, (g) CONFIDENTIALITY, (h) REDACTIONS, (i) NATIVEFILEPATH, (j) TEXTFILEPATH, and (k) HASHVALUE, which should be populated by the party or the party's vendor. The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents correspond

directly to the information that exists in the original documents.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| ALLCUSTODIAN(S) | Individual(s) from whom the documents originated |
| CONFIDENTIALITY | Confidentiality designation assigned to document |
| NATIVEFILEPATH | Native File Link (Native Files only) |
| TEXTFILEPATH | Path to extracted text/OCR file for document |
| HASHVALUE | MD5 hash value of document |
| FILENAME | Name of original file including extension |
| AUTHOR | Any value populated in the Author field of the document properties (Edoc or attachment only) |
| DOCDATE | Date the document was created (format: MM/DD/YYYY) (Edoc of attachment only) |
| DATEMODIFIED | Date when document was last modified according to filesystem information (format MM/DD/YYYY) (Edoc or attachment only) |
| FROM | The name and email address of the sender of the email |

| TO | All recipients that were included on the "To" line of the email |
|---|---|
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| DATERECEIVED | Date email was received (format: MM/DD/YYYY) |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| FILESIZE | The original file size of the produced document |
| REDACTED | Indicate Yes/No if document redacted |

**7.    DOCUMENTS PROTECTED FROM DISCOVERY**

a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)    Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

c)    No party's privilege log is required to include any communications that (i) involved only the party and its counsel of record in this case, and (ii) occurred after the filing of the original complaint in this case. Communications may be identified on a privilege log by category rather than individually, provided however that individual identification of communications on a privilege log must be provided upon request when details included in the log are insufficient to determine whether privilege in fact attaches. The Parties shall meet and

confer in good faith to determine a mutually acceptable time frame for exchange of privilege logs.

**8.  MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Date June 16, 2025                    TYZ LAW GROUP, PC


                                      */s/ Ryan Tyz*
                                      Ryan Tyz
                                      Attorney for Plaintiff Flexport

Dated: June 16, 2025                  ALTO LITIGATION, PC


                                      */s/ Bryan Ketroser*
                                      Bryan Ketroser, Esq.
                                      Attorneys for Defendant freightmate Ai, Inc.

Dated: June 16, 2025                  CHAN + PUNZALAN


                                      */s/ Mark Punzalan*
                                      Mark Punzalan, Esq.
                                      Attorneys for Defendant Yingwei (Jason) Zhou

Dated: June 16, 2025                  MOBILITY LEGAL PC


                                      */s/ David Burtt*
                                      David R. Burtt, Esq.
                                      Attorney for Defendant Bryan Lacaillade

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: June 17, 2025

_____
RITA F. LIN
UNITED STATES DISTRICT JUDGE