ALTO LITIGATION, PC
Bahram Seyedin-Noor (Bar No. 203244)
bahram@altolit.com
Bryan Ketroser (Bar No. 239105)
bryan@altolit.com
Monica Mucchetti Eno (Bar No. 164107)
monica@altolit.com
1 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 779-2586
Facsimile: (415) 306-8744

Attorneys for Defendant
FREIGHTMATE AI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FLEXPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREIGHTMATE AI, INC., YINGWEI (JASON) ZHAO, and BRYAN LACAILLADE,<br><br>Defendants. | Case No. 3:25-cv-2500-RFL<br><br>**DEFENDANT FREIGHTMATE AI, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**Demand for Jury Trial**<br><br>Assigned to the Honorable Rita F. Lin<br><br>Date Action Filed: March 12, 2025<br>Trial Date: None set |

Defendant freightmate Ai, Inc. ("freightmate"), in response to the First Amended Complaint [Dkt. No. 63] ("FAC") of Plaintiff Flexport, Inc.'s ("Flexport" or "Plaintiff"), alleges, denies, and avers as follows. All allegations in the FAC are denied unless expressly admitted.

## NATURE OF THE CASE

1. Freightmate does not have sufficient knowledge to admit or deny any and all allegations of this paragraph and denies them on that basis.

2. Freightmate admits that two of its three founders, Jason Zhao and Bryan Lacaillade, are former Flexport employees and that Mr. Lacaillade left Flexport before Mr. Zhao did. Freightmate further admits that it was quoted in a trade publication in January 2025 as having said freightmate was "partnering with over three times the number of freight forwarders that [they anticipated] by this time." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that the company is a product of theft, not ingenuity; that it was built on information stolen from Flexport; and that freightmate launched a competing product "[w]ithin weeks" of Zhao's departure from Flexport. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

3. Freightmate admits that Mr. Zhao downloaded some materials towards the end of his employment, which included 2,000 shipping documents (e.g., bills of lading, shipping instructions, packing lists, and arrival notices, hereafter, the "Shipping Documents") that neither he nor Lacaillade had any reason to believe constituted Flexport's confidential, much less trade secret, materials. Freightmate further admits that – prior to beginning development of its only product, Docmate – Mr. Lacaillade and Rishab Gadroo analyzed 5-10 Shipping Documents in OpenAI Playground and denied Flexport's requests to review the freightmate source code before this litigation commenced. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate "admitted to taking volumes of Flexport's confidential documents without permission," that freightmate "admitted to retaining a complete backup of Zhao's Flexport laptop, downloading Flexport data onto

personal USB storage, and transferring files to a personal cloud," that freightmate was "not fully forthright with Flexport," and that freightmate "claim[ed] falsely that Flexport's confidential files 'were … not accessed or used by [f]reightmate." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

4. Freightmate admits that Mr. Lacaillade and Mr. Gadroo received a small subset of the Shipping Documents from Mr. Zhao and that freightmate deleted what it believed to be all copies of the Shipping Documents before it began development of its only product (Docmate) to ensure a clean room environment. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate made a "hedging confession[s]" that was "the tip of the iceberg," that freightmate admitted that "thousands of Flexport documents … containing valuable trade secrets[] were uploaded in the development of Freightmate products," that freightmate "purged evidence after announcing [its] product," and that freightmate has ever "use[d] … Flexport trade secrets." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

5. Freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate acted unlawfully and continues to possess Flexport's "immensely valuable intellectual property, obtained in violation of federal and state law …" Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

## THE PARTIES

6. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

7. Freightmate admits that it is a corporation incorporated in Delaware, and that its principal place of business is at the listed address in Bellevue, Washington.

8. Freightmate admits that Mr. Zhao is an adult individual, that he is one of freightmate's three founders, and that he serves as its Chief Operating Officer. Freightmate

otherwise does not have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

9. Freightmate admits that Mr. Lacaillade is an adult individual, that he is one of freightmate's three founders, and that he serves as its Chief Executive Officer. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

## JURISDICTION AND VENUE

10. Freightmate admits that Flexport has brought this action, in part, pursuant to 18 U.S.C. §§ 1836, *et seq.* and 17 U.S.C. §§ 101, *et seq.*, but denies that Plaintiff is entitled to relief from freightmate under those statutes. Freightmate further admits that the Court has subject matter jurisdiction over freightmate based on the federal statutes identified in this paragraph.

11. Freightmate admits that the Court has supplemental jurisdiction over the CUTSA claim asserted against it. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

12. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

13. Freightmate admits personal jurisdiction in this Court as to itself and that freightmate distributes, offers for sale, sells and advertises its product Docmate in California and the Northern District of California. Freightmate further admits that it advertises Docmate online at www.freightmate.ai. Except as thus expressly admitted, Freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate conspired with the other defendants to obtain and exploit Flexport's proprietary information, that freightmate committed any act of "misappropriation," that freightmate wrongfully used and continues to use Flexport's intellectual property to offer to sell or sell any freightmate product, or that freightmate took any action that harmed Flexport and/or that freightmate knew would harm Flexport in any geographic location. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

14. Freightmate admits personal jurisdiction in this Court as to itself. Freightmate denies that, based on its conduct, it was "wholly foreseeable" that it would be bound and subject to a suit in the Northern District. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

15. Freightmate admits that venue is proper in this District as to itself. Freightmate denies that Flexport is entitled to relief. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

## DIVISIONAL ASSIGNMENT

16. Freightmate admits that divisional assignment is proper in the San Francisco Division as to itself and that this action includes a claim of trade secret misappropriation against freightmate. Freightmate denies that Flexport is entitled to relief on those claims and that freightmate breached any contractual obligation. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

## FACTUAL ALLEGATIONS

A. Freightmate understands Heading A as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

17. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

18. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

B. Freightmate understands Heading B as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations

to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

19. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

20. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

21. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

22. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

23. Freightmate admits that this action includes claims of alleged trade secret misappropriation and copyright infringement against freightmate. Freightmate denies that Flexport is entitled to relief on those claims. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

24. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

25. Freightmate admits that records with the U.S. Copyright office indicate that Certificate for Registration No. TXu 2-473-064 identify "Flexport, Inc." as "Author." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

26. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

27. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

28. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

29. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

C. Freightmate understands Heading C as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

30. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

31. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

32. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

33. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

34. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

D. Freightmate understands Heading D as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

35. Freightmate admits that Zhao and Lacaillade are former employees of Flexport. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

36. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

37. Freightmate denies that any alleged breach of contractual obligation by Zhao or Lacaillade was done "for the[] … benefit … their company, [f]reightmate." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

E. Freightmate understands Heading E as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

38. Freightmate denies any and all allegations of this paragraph asserted against it, including that any alleged wrongful acts by Lacaillade and Zhao were performed "to advance [f]reightmate's business interests." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

39. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

40. Freightmate denies any and all allegations of this paragraph asserted against it, including that any alleged wrongful acts by Lacaillade and Zhao were performed "for the benefit of [f]reightmate." Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

41. Freightmate denies any and all allegations of this paragraph asserted against it, including that Zhao and Lacaillade "pursu[ed]" freightmate as a "business while employed by Flexport." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

42. Freightmate denies any and all allegations of this paragraph asserted against it, including that the meetings referenced in this paragraph "pertained to [f]reightmate business." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

43. Freightmate denies any and all allegations of this paragraph asserted against it, including that Lacaillade registered the domain name “freightmate.ai” on January 29, 2024, for the purpose of beginning – as of that date – “to promote [f]reightmate’s business and products.” Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

44. Freightmate denies any and all allegations of this paragraph asserted against it, including that “Zhao … used [a] [f]reightmate device to log into [his Flexport work] account and download [Flexport] information onto his device for Defendants’ benefit.” Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

45. Freightmate denies any and all allegations of this paragraph asserted against it, including that “Lacaillade and Zhao intensified their work on [f]reightmate business” in February 2024. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

46. Freightmate denies any and all allegations of this paragraph asserted against it, including that Lacaillade scheduled any of the meetings described in this paragraph “to collect Flexport expertise and product development ideas to implement” at freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

47. Freightmate denies any and all allegations of this paragraph asserted against it, including that, using Flexport’s Slack channel, Lacaillaide asked Zhao on February 7, 2024 to start making “detailed plans” about freightmate business. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

48. Freightmate understands paragraph 48 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

49. Freightmate understands paragraph 49 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

50. Freightmate denies any and all allegations of this paragraph asserted against it, including that the meetings Lacaillade and Zhao scheduled in March 2024 constituted "work for [f]reightmate," and that freightmate "exfiltrated" any Flexport data "to exploit at [f]reightmate." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

51. Freightmate understands paragraph 51 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

52. Freightmate denies any and all allegations of this paragraph asserted against it, including that the March 18, 2024 meeting between Lacaillade and Zhao pertained to "[f]reightmate business." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

53. Freightmate denies any and all allegations of this paragraph asserted against it, including that Lacaillade "reached out to several operations experts to gather non-public insights … that Lacaillade and Zhao could exploit as [f]reightmate." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

54. Freightmate understands paragraph 54 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

55. Freightmate denies any and all allegations of this paragraph asserted against it, including that "Lacaillade and Zhao continued to work on [f]reightmate business during

Flexport work hours" between March 16 and 25, 2024. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

56. Freightmate denies any and all allegations of this paragraph asserted against it, including that the "Knowledge Management: Discovery Research" document has "the same focus as [f]reightmate's initial product" and that "Lacaillade and Zhao min[ed] Flexport trade secrets and intellectual property to use for [f]reightmate's benefit." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

57. Freightmate denies any and all allegations of this paragraph asserted against it, including that Lacaillade and Zhao had "been sourcing non-public and commercially valuable product development ideas from Flexport experts for exploitation as [f]reightmate" and had "been meeting frequently … to conduct [f]reightmate business." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

58. Freightmate understands paragraph 58 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

59. Freightmate does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

60. Freightmate denies any and all allegations of this paragraph asserted against it, including that Lacaillade "continued his meetings with Zhao for [f]reightmate" after he gave notice that he was resigning to Flexport. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

61. Freightmate understands paragraph 61 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate,

such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

62. Freightmate understands paragraph 62 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

63. Freightmate denies any and all allegations of this paragraph asserted against it, including that the listed documents and presentations "Zhao [allegedly] copied from his work account on Google Docs" were placed "onto [a] [f]reightmate device." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

64. Freightmate understands paragraph 64 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

65. Freightmate admits that its Google Workspace account was created on May 7, 2024 and that its Slack account was created on March 11, 2024. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

66. Freightmate denies any and all allegations of this paragraph asserted against it, including that any "[f]reightmate co-founders" were acting on behalf of freightmate when Mr. Zhao allegedly accessed and downloaded the Flexport files referenced in this paragraph. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

67. Freightmate understands paragraph 67 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

68. Freightmate admits that incorporation papers were filed for freightmate on May 13, 2024. Freightmate is uncertain what the phrase "formally launched [f]reightmate" means in the context of this paragraph, and therefore denies whatever allegation is being made through usage of that phrase. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

69. Freightmate denies any and all allegations of this paragraph asserted against it, including that Mr. Zhao was "acting on behalf of and for [f]reightmate's benefit as [f]reightmate's agent at least since January 2024" and "continued acting on behalf of and for [f]reightmate's benefit as [f]reightmate's agent between May 15, 2024 through the date his formal employment at freightmate began. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

70. Freightmate understands paragraph 70 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

71. Freightmate admits that tech@freightmate.ai is an email account shared by multiple freightmate workers and that each Defendant accessed or used some Shipping Documents. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that any Shipping Documents accessed or used by Defendants constitute "stolen confidential freight documents." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

72. Freightmate understands paragraph 72 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

73. Freightmate admits that it reported to the State of Washington that it had commenced business in the State on May 29, 2024, with Zhao as a "governor" of the corporation. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph.

74. Freightmate understands paragraph 74 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

75. Freightmate admits that Mr. Zhao transferred approximately 2,000 Shipping Documents to freightmate's Google Drive that neither he nor Lacaillade had any reason to believe constituted Flexport's confidential, much less trade secret, materials. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

76. Freightmate admits that Mr. Zhao sent some Shipping Documents from his personal email to tech@freightmate.ai. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

77. Freightmate denies any and all allegations of this paragraph asserted against it, including that the Flexport Platform Source Code, or any Flexport documents other than Shipping Documents, were ever "uploaded … to the [f]reightmate Google Drive System." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

78. Freightmate understands paragraph 78 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

79. Freightmate admits that non-confidential Shipping Documents that originated from Flexport were uploaded for a brief period of time to the freightmate Google Drive System

and that at least two freightmate employees accessed a small number of these documents. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

80. Freightmate admits that non-confidential Shipping Documents that originated from Flexport were uploaded for a brief period of time to the freightmate Google Drive System and that at least two freightmate employees accessed a small number of these documents. Freightmate understands the remaining allegations in paragraph 80 as not containing any allegations directed to freightmate. To the extent the remainder of this paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

81. Freightmate admits that, on June 27, 2024, it announced that it was "coming out of stealth mode" and releasing its first automated solution. Freightmate further admits that an investor in freightmate is quoted in a June 27, 2024 article in *Freight Waves* as saying: "a next-gen-Ai-powered freighted management system can drive higher margins, decrease head count, improve visibility and tracing, and universally make freight forwarders far more competitive" and that "[f]reight forwarders coordinate global shipments from end to end from origin country to destination country, leveraging decades-old-software with zero task automation, no real-time communication, with a very limited UX." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that [f]reightmate launched a prototype of Docmate around June 27, 2024, that freightmate's product "[m]irror[s] Flexport's core business proposition," and that [f]reightmate competes with Flexport. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

82. Freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate engaged in the "destruction of evidence after launching [its] product," that freightmate engaged in any misconduct, and that freightmate was aware that the company, Zhao or Lacaillade had engaged in misconduct. Freightmate does not otherwise have sufficient

knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

83. Freightmate admits that Lacaillade deleted the few remaining Shipping Documents remaining on his laptop. Freightmate denies any and all allegations of this paragraph asserted against it, including that any "Flexport files" remain in any freightmate repositories or repositories under freightmate's control other than a few Shipping Documents, which do not constitute Flexport confidential, much less trade secret, materials. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

84. Freightmate denies any and all allegations of this paragraph asserted against it, including that any of the defendants "saved to [f]reightmate storage without authorization over 70,000 confidential Flexport documents." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

85. Freightmate admits that Jason Zhao and Bryan Lacaillade are two of freightmate's three founders and are C-suite executives of the company. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate had any intentions to compete unfairly with Flexport using stolen Flexport intellectual property. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

F. Freightmate understands Heading F as not containing any allegations directed to freightmate or any defendant. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

86. Freightmate understands paragraph 86 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate,

such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

87. Freightmate admits that counsel for Flexport sent letters to Lacaillade and Zhao on September 6, 2024, accusing them and freightmate of "violating Flexport's intellectual property rights." Freightmate denies any allegation that it has violated Flexport's intellectual property rights. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

88. Freightmate admits that its counsel sent an email to Flexport's counsel on November 2, 2024 that responded to an October 31, 2024 email from Flexport's counsel. Freightmate admits further that its November 2, 2024 email stated: "We further reject your contention that there is any basis for a review of [f]reightmate's code at this time, especially in light of your concession that Flexport has no evidence of misappropriation of its source code." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

89. Freightmate admits that counsel for freightmate sent a letter to Flexport's counsel on December 19, 2024 that responded to various allegations made by Flexport. Freightmate admits further that the letter states that Lacaillade and Zhao incorporated freightmate on May 13, 2024, and that "prior to development of the freightmate product, approximately 5 to 10 of the shipping documents were run through ChatGPT [sic] to better understand how generative AI digitizes analog shipping documents." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate admitted in the letter that it started building a prototype of freightmate's product on June 7, 2024, that freightmate launched its initial product on or about June 27, 2024, that freightmate ever made use of Flexport intellectual property in developing its product, that the handful of Shipping Documents that freightmate ran through an LLM constitute "confidential" or trade secret Flexport documents, and that freightmate ever used Flexport's proprietary information for their own benefit or to disclose it to third parties. Freightmate does not otherwise have sufficient

knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

90. Freightmate admits that the December 19, 2024 letter states that the four file names identified in this paragraph are the only Flexport files that freightmate's forensic expert located on Mr. Zhao's personal hard drive after its investigation and that this letter also states that Mr. Zhao was "not aware that he had retained … any Flexport files, which were passively and inadvertently retained" when he left Flexport. Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate's forensic expert found over 9,000 Flexport documents in "Defendants' possession," that freightmate "admitted that Zhao took without permission" the four identified files and "admitted that Zhao retained 'a complete backup' of his Flexport laptop" through and including December 19, 2024. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

91. Freightmate understands paragraph 91 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

92. Freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate misappropriated or infringed the "Copyrighted Flexport Platform Source Code," or misappropriated "Flexport Platform Trade Secrets," which allegedly include "Flexport Freight Datasets for Training Automated Freight Management Tools," and/or "Flexport Business and Operational Trade Secrets." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

93. Freightmate admits that it announced close of a seed funding round in January 2025 and that the trade publication *Freight Caviar* reported in a January 30, 2025 article that "[w]hile freightmate currently focuses on automating specific workflows, its bold vision is to build the world's most advanced and automated Freight Management System (FMS), powered

by AI." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate acted in conspiracy with the other defendants to take, and benefit from "Flexport Platform Trade Secrets" and/or "Flexport Freight Datasets trade secrets," that any Flexport "shipping documents" were "downloaded for use in [f]reightmate product development," and that freightmate conspired with the other defendants to take these materials to "help develop a freight management system that competes with the Flexport Platform." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

94. Freightmate denies any and all allegations of this paragraph asserted against it. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

95. Freightmate admits that the January 30, 2025 article about freightmate in *Freight Caviar* reported that "[d]emand for Docmate is nearly three times higher than planned, with SMBs, mid-market, and enterprise freight forwarders already partnering with freightmate … ." Except as thus expressly admitted, freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate has used, and continues to use, Flexport's trade secrets, copyrighted source code, and confidential information," and that freightmate improperly accessed, copied, disclosed or used Flexport's intellectual property in developing its product. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

96. Freightmate denies any and all allegations of this paragraph asserted against it, including that Flexport has suffered, and continues to suffer, damages because of any misconduct by freightmate, and that freightmate is selling and intending to sell products or services that are "derivative … to Flexport's actual and potential customers, to compete unfairly with Flexport." Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

97. Freightmate denies any and all allegations of this paragraph asserted against it, including that freightmate has engaged, or is engaging, in "wrongdoing," that any Flexport trade

secrets "remain in the hands of [freightmate]," that freightmate ever had possession of Flexport trade secrets, that freightmate has ever exploited and/or continues to exploit Flexport intellectual property, and that Flexport's confidential information remains subject to potential exposure or misuse as a result of freightmate's actions. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations in this paragraph and denies them on that basis.

98. Freightmate denies that Flexport has suffered injury or damages and denies that Flexport is entitled to any relief in this lawsuit, including without limitation legal and equitable relief, damages or restitution, and/or a preliminary or permanent injunction.

## COUNT I:

## TRADE SECRET MISAPPROPRIATION
The Defend Trade Secrets Act, 18 U.S.C. §§ 1836(b), 1839 et seq.,
The California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.

(Freightmate responds as to itself and not on behalf of other Defendants)

99. Freightmate incorporates all preceding paragraphs as if fully set forth herein.

100. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

101. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

102. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

103. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

104. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

105. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

106. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

107. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

108. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

109. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

110. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

111. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

112. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

113. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

114. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

## COUNT II:
## COPYRIGHT INFRINGEMENT
## (Freightmate responds as to itself and not on behalf of other Defendants)

115. Freightmate incorporates all preceding paragraphs as if fully set forth herein.

116. Freightmate understands paragraph 116 as not containing any allegations directed to freightmate. To the extent the paragraph is intended to direct any allegations to freightmate, such allegations are denied. Freightmate otherwise does not have sufficient knowledge to admit or deny any and all allegations in this paragraph and denies them on that basis.

117. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

118. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

119. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

120. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

121. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

122. Freightmate denies any and all allegations as they pertain to freightmate. Freightmate does not otherwise have sufficient knowledge to admit or deny any and all remaining allegations of this paragraph and denies them on that basis.

COUNT III

BREACH OF CONTRACT (against Defendants Zhao and Lacaillade)

123. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

124. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

125. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

126. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

127. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

128. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

129. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

130. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

131. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

132. As this cause of action does not pertain to freightmate, no response is required. To the extent any allegations pertain to freightmate, freightmate denies them.

## JURY DEMAND

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. P. 38, freightmate requests trial by jury for all causes of action, claims, or issues in this action that are so triable.

## PRAYER FOR RELIEF

As to Flexport's Prayer for Relief, freightmate denies that Flexport has suffered injury or damages and denies that Flexport is entitled to any relief in this lawsuit.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, freightmate sets forth the following affirmative and other defenses as to itself (and not as to other Defendants). freightmate does not concede that it bears the burden of proof or persuasion simply because a defense is listed.

## FIRST AFFIRMATIVE DEFENSE

### (Ready Ascertainability)

Plaintiff is barred from claiming trade secret misappropriation under CUTSA as to any items of information that were readily ascertainable within the meaning of that defense under CUTSA at the time of the alleged misappropriation. To the extent that ready ascertainability is deemed an affirmative defense to Plaintiff's claims of trade secret misappropriation under DTSA (and freightmate believes it is a traverse and not an affirmative defense, such that the burden of proof remains with Plaintiff), Plaintiff is barred from claiming trade secret misappropriation as to any items of information that were readily ascertainable within the meaning of that defense under the Defend Trade Secrets Act at the time of the alleged misappropriation.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff is barred from relief in this action under the doctrines of waiver and estoppel because Plaintiff declined to allow freightmate to delete the few remaining Shipping Documents incidentally remaining on freightmate repositories.

THIRD AFFIRMATIVE DEFENSE

(Mitigation)

Plaintiff's First Amended Complaint is barred by Plaintiff's failure to take reasonable efforts to mitigate damages or injury, if any, that would have prevented (or at a minimum, substantially reduced) their alleged injury or damage, including, but not limited to allowing freightmate to delete the few remaining Shipping Documents incidentally remaining on freightmate repositories.

FOURTH AFFIRMATIVE DEFENSE

(Absence of Vicarious Liability and/or Joint and Several Liability)

To the extent it is deemed an affirmative defense (and freightmate does not believe it is), freightmate is not vicariously liable or jointly and severally liable for allegations against other Defendants in their personal capacity.

FIFTH AFFIRMATIVE DEFENSE

(Independent Derivation)

To the extent it is deemed an affirmative defense (and freightmate believes it is a traverse and not an affirmative defense, such that the burden of proof remains with Plaintiff), freightmate independently derived its technology and information.

SIXTH AFFIRMATIVE DEFENSE

(Innocent Acquisition)

Freightmate's alleged misappropriation of what Flexport describes as its "Flexport Freight Datasets Trade Secrets" is protected under the affirmative defense of innocent acquisition, as freightmate had no actual or constructive knowledge of the alleged trade secret nature of the datasets.

SEVENTH AFFIRMATIVE DEFENSE

(Mitigation of Copyright Damages)

To the extent Zhao's alleged act(s) of downloading the "Copyrighted Flexport Platform Source Code" (i) are found to be an act of copyright infringement, and (ii) are imputed to

freightmate under any theory of liability, freightmate was unaware that any such download had occurred, thus justifying a reduction in any statutory damages award to Flexport.

## RESERVATION OF RIGHTS

Freightmate reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## STATEMENT OF INTENTION TO PURSUE SECTION 3426.4 AND SECTION 1836(b)(3)(D) REMEDIES

Because freightmate believes that Flexport has acted in bad faith within the meaning of California Civil Code § 3426.4 and 18 U.S.C. § 1836(b)(3)(D)—specifically because, among other things, Flexport subjectively and objectively knows or should know that freightmate did not misappropriate any purported trade secret and that it suffered no harm cognizable under the trade secret statutes— freightmate will seek all fees and costs permitted under that statute as to the trade secret claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant freightmate denies that Flexport is entitled to any of the relief requested in the First Amended Complaint, and prays for judgment as follows:

a. That Flexport take nothing by way of its First Amended Complaint;

b. That judgment be entered in favor of Defendant freightmate and against Flexport;

c. For costs incurred herein;

d. For reasonable attorneys' fees and costs incurred herein to the extent permitted by law; and

e. For such other relief as the Court may deem just and proper.

Dated: August 22, 2025

ALTO LITIGATION, PC

By: /s/ *Bryan Ketroser*
Bryan Ketroser

Attorneys for Defendant
freightmate Ai, Inc.