UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLEXPORT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FREIGHTMATE AI, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-02500-RFL   (PHK)<br><br>**ORDER RE: DISPUTES OVER PERSONAL DEVICES**<br><br>Re: Dkts. 80, 83 |

**INTRODUCTION**

This case generally concerns Plaintiff Flexport Inc.'s ("Flexport") allegations that former employees Yingwei Zhao and Bryan Lacaillade misappropriated trade secrets from Flexport in connection with their launching a competing new venture, Freightmate AI, Inc. ("Freightmate"). *See generally* Dkt. 76. Plaintiff asserts claims for trade secret misappropriation, copyright infringement, and breach of contract. *See id.*

This case has been referred to the undersigned for all discovery purposes. [Dkt. 81]. The Parties filed a Discovery Letter Brief on September 10, 2025. [Dkt. 80]. After review, the Court ordered the Parties to meet and confer in full compliance with the Standing Discovery Order now applicable to this case. [Dkt. 82]. After that meet and confer, the Parties filed a Joint Discovery Letter Brief on September 26, 2025, in which the Parties indicate that only one of the three issues raised in the Parties' original joint discovery letter brief [Dkt. 80] remains unresolved. [Dkt. 83]. After carefully reviewing the papers and the Parties' submissions, the Court finds this matter appropriate for adjudication without the need for oral argument. *See* Civil L.R. 7-1(b). For the reasons discussed herein, the Court **DENIES** the requested relief regarding the remaining discovery dispute in the instant discovery letter brief [Dkt. 83].

United States District Court
Northern District of California

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the

United States District Court
Northern District of California

2

commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th

United States District Court
Northern District of California

Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

The sole remaining discovery dispute here concerns Flexport's request for production ("RFP") No. 5 which seeks from Freightmate "Documents and Communications concerning this Action or Flexport[.]" [Dkt. 83 at 2]. Flexport has served an identical document request on the Individual Defendants, but the instant dispute centers on discovery directed to Freightmate and thus reduces to whether Freightmate should be obligated to search the personal devices of both co-defendants and other employees and contractors. That is, the Parties' dispute concerns which electronic equipment should be searched by Freightmate in response to RFP No. 5.

Flexport argues that Freightmate should be required to search for and produce responsive documents from the personal devices of all Freightmate's employees and agents because Freightmate allegedly has control over those devices. [Dkt. 83 at 1]. Flexport argues that an IP Assignment Agreement executed by the Freightmate employees gives Freightmate a legal right to obtain documents from the personal devices. *Id.* Flexport also argues that Freightmate has actual possession of the data from the employees' devices because they were all collected in late 2024 for forensic imaging. *Id.* Flexport argues that the fact that Freightmate was able to collect the devices previously for imaging demonstrates that Freightmate can obtain the devices again, and thus Freightmate should be required to do so for further searching. *Id.*

Freightmate argues that "Flexport demands that *freightmate* review and produce documents on the *Individual Defendants'* personal computers (bought with personal funds, before joining freightmate, and containing personal documents), phones, email accounts, etc." *Id.* at 2 (emphasis in original). Freightmate further argues that it has only three employees (two of whom are the named Individual Defendants), that Flexport has already subpoenaed the third employee, and that

4

Freightmate only has a contractual right to its own work product on the employees' personal devices – and thus, anything other than Freightmate work product should be sought directly from the employees. *Id.*

Freightmate admits that it has retained an ediscovery vendor which has apparently searched all the Defendants' devices, including the named co-defendants. *Id.* Further, Freightmate has agreed to produce all three of its employees' nonprivileged Freightmate emails, Teams messages, and Slack messages. *Id.*

Finally, Freightmate argues that it "has no right" to request production of materials from the personal devices of its "group of international contractors". *Id.*

Personal Devices of the Individually Named Co-Defendants

First, regarding the Individual Defendants, Flexport has sent document requests identical to RFP No. 5 to the two co-defendants. Flexport provides no reason why those Individual Defendants have been unable or unwilling to search their own personal devices for responsive documents. Those Individual Defendants are not parties to the instant dispute. As noted, discovery must not merely be relevant, but must also be proportional. *See* Fed. R. Civ. P. 26(b)(1). As the party seeking discovery from Freightmate, Flexport has the burden to explain why it is proportional to the needs of the case to seek the Individual Defendants' materials via RFP No. 5 directed to Freightmate. In that regard, Flexport has failed. For example, there is no basis on the current record to conclude that the electronic files from those co-defendants' personal devices are somehow being withheld from discovery by those co-defendants. Seeking materials from Freightmate, where those same materials are also sought from the co-defendants, is not proportional because such request is by definition duplicative effort.

Nor is there any basis for concluding that it makes practical sense to sidestep those Individual Defendants (and relieve them of their discovery obligations) in favor of analyzing whether Freightmate has possession, custody or control of those co-defendants' devices. One of the factors for proportionality is "the parties' relative access to the information" and here there is no doubt that the Individual Defendants have the best direct access to the information on their personal devices, not Freightmate.

United States District Court
Northern District of California

Freightmate contends that the reason Flexport seeks to obtain the materials via discovery directed to Freightmate is because Flexport seeks a pretrial ruling that co-defendant Zhao's documents on his personal devices are within the possession, custody, or control of Freightmate, thereby allowing for the argument that Freightmate is equally liable for Zhao's alleged downloading of Flexport materials onto his personal devices.  [Dkt. 83 at 2].  Flexport makes no substantive response to this argument.  Whether a pretrial discovery ruling from the undersigned would be a "backdoor victory on the merits of this dispute" (as Freightmate argues) is questionable, but in any event, the argument highlights another reason why the requested relief as to these two Individual Defendants' personal devices should be denied:  judicial efficiency.  The entire analysis of an employer's possession, custody, or control of an employee's personal devices can be a fact-intensive inquiry based on evolving legal standards.  *See, e.g.*, *Nugent v. Secretlab US, Inc.*, 2024 WL 4331812 at *1 (N.D. Cal. Sept. 27, 2024) (resolving "control" issue regarding overseas affiliate's computer server and electronic files after evidentiary hearing and multiple rounds of briefing).  Through discovery, a requesting party may request that another party produce certain items in that target party's "possession, custody, or control." Fed. R. Civ. P. 34(a).  For an employee's personal device to be deemed subject to the possession, custody, or control of their employer, "generally the [party seeking discovery] must show that personal devices were used for business purposes." *Rattie v. Balfour Beatty Infrastructure, Inc.*, 2023 WL 5507174, at *3 (N.D. Cal. Aug. 25, 2023) (quoting *Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019)).  Here, Flexport has insufficiently demonstrated a need for the Court to undertake such an analysis of whether Freightmate has custody or control over the personal devices of the Individual Defendants, where the discovery is being sought from those co-defendants directly.  *See, e.g., INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The record indicates that the requested relief as to these two Individual Defendants' personal devices is duplicative for another reason.  Freightmate has apparently collected all Defendants' devices and imaged them using the services of its ediscovery vendor.  [Dkt. 83 at 2].  Freightmate is also apparently reviewing and producing responsive documents from those imaged files.  *Id.*

United States District Court
Northern District of California

Clearly, Freightmate has control of the imaged data which apparently is under the control or custody of its ediscovery vendor. There is no apparent dispute over the propriety of Freightmate's production of those responsive materials from the imaged files. Flexport admits that the forensic imaging of the co-defendants' personal devices took place in late 2024. *Id.* at 1. Flexport does not explain how or why the process of producing materials from the imaged files is deficient or insufficient. Based on the record provided, Freightmate appears to have imaged and is producing responsive materials from the very personal devices of the co-defendants at issue. For this reason, Flexport's request that the Court rule that Freightmate has possession, custody, or control of these personal devices appears both duplicative and moot.

For all these reasons, Flexport's requested relief directed to Freightmate regarding the personal devices of the named Individual Defendants is **DENIED**.

Personal Devices of Third Employee of Freightmate

The record is more sparse (and the dispute less developed) with regard to the third employee of Freightmate. The Parties provide no information on who this third employee is or how many personal devices he has. As noted, Flexport argues that an IP Assignment Agreement provides Freightmate with the legal right to access all employees' personal devices. *Id.* Freightmate responds that the agreement only gives Freightmate ownership over its own work product on those devices, not a legal ability to access or control everything on those devices. *Id.* at 2. Flexport argues further that the forensic imaging of the co-defendants' devices in 2024 indicates that Freightmate has control over the devices of all employees. *Id.* at 1. The record indicates, however, that Freightmate imaged the Defendants' devices, not the devices of the third employee (who is not a named defendant). *Id.* at 2. Flexport makes no individualized showing as to how or why Freightmate has possession, custody, or control of this third employee's personal devices.

Further, as noted, Flexport has apparently subpoenaed this third employee for the materials on his personal devices (much like Flexport's having served RFO No. 5 on the Individual Defendants). *Id.* at 2. Flexport provides no reason to even suspect that this third employee has been unable or unwilling to search his own personal devices for materials responsive to the subpoena. That subpoenaed party is not a party to the instant dispute. As noted, discovery must not merely be

relevant, but must also be proportional. *See* Fed. R. Civ. P. 26(b)(1). As the party seeking discovery from Freightmate, Flexport has the burden to explain why it is proportional to the needs of the case to seek materials from this employee's personal devices via RFP No. 5 directed to Freightmate. In that regard, Flexport has failed. For example, there is no basis on the current record to conclude that the electronic files from this third employee's personal devices are somehow being withheld from discovery or that the subpoena is not being complied with. Seeking materials from Freightmate, where those same materials are also sought from the subpoenaed third party, is not proportional because such request is by definition duplicative effort.

Nor is there any basis for concluding that it makes practical sense to sidestep the third employee (and relieve him of his discovery obligations in response to the subpoena) in favor of analyzing whether Freightmate has possession, custody or control of that employee's personal devices. One of the factors for proportionality is "the parties' relative access to the information" and here there is no doubt that this third employee has the best direct access to the information on his personal devices, not Freightmate.

As discussed above, judicial efficiency also supports denying the requested relief with regard to this third employee. The analysis of an employer's possession, custody, or control of an employee's personal devices can be a fact-intensive inquiry based on evolving legal standards. *See, e.g.*, *Nugent*, 2024 WL 4331812 at *1; *see also Rattie*, 2023 WL 5507174, at *3. Here, Flexport has insufficiently demonstrated a need for the Court to undertake such an analysis of whether Freightmate has custody or control over the personal devices of this third employee, where the discovery is being sought directly from that employee via subpoena. *See, e.g., INS*, 429 U.S. at 25.

For all these reasons, Flexport's requested relief directed to Freightmate regarding the personal devices of this third employee is **DENIED**.

Personal Devices of Freightmate's Unidentified "Agents" and "Contractors"

Finally, the record is the most sparse with regard to Freightmate's "agents" or "contractors". Rule 34 requires a party served with document requests to produce responsive, non-privileged documents which are in that party's possession, custody, or control. Because Rule 34 is written in the disjunctive, control is a separate and sufficient basis for production; issues such as actual

United States District Court
Northern District of California

possession, legal ownership, and custody are distinct from the issue of control. *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (finding the City of Concord has control of documents of non-employee psychiatrists who evaluated individual officer-defendants); *Bess v. Cate*, No. 2:07-cv-1989 JAM JFM, 2008 WL 5100203, at *1 (E.D. Cal. Nov. 26, 2008) (for control issue "actual possession of a document is not required."). The Ninth Circuit has held that "[c]ontrol is defined as the legal right to obtain documents on demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)) (concluding that legal control test is proper standard under Fed. R. Civ. P. 45). As the party seeking production of documents under Rule 34, Flexport has the burden of proving that Freightmate has legal control over (i.e., the legal right to obtain on demand) the third parties' documents. *Hitachi, Ltd. v. AmTRAN Tech. Co.*, No. C 05-2301 CRB (JL), 2006 WL 2038248 at *1 (N.D. Cal. July 18, 2006) (citing *Norman v. Young*, 422 F.2d 470, 472–73 (10th Cir. 1970)).

Flexport makes no factual averments as to who exactly these "contractors" or "agents" are, how many people are involved, what their retainer or consulting agreements state with regard to their devices and access or control by Freightmate, or even why the personal devices of third-party non-employees would be expected to contain relevant materials responsive to RFP No. 5. Flexport makes no individualized showing as to how or why Freightmate should be found to have custody or control over the personal devices of these third parties (because they are contractors, there appears to be no dispute that Freightmate lacks possession of the personal devices). Flexport merely argues that "Freightmate has multiple employees/agents, including outside the U.S., most of whom are not defendants in this lawsuit . . . Freightmate's control over the devices at issue is rooted in contract and admitted." [Dkt. 83 at 1-2] (emphasis omitted). However, Flexport does not provide any further facts or analysis to support the bare allegation that Freightmate's control "is rooted in contract and admitted." Flexport's conclusory allegation is insufficient to establish legal control. Thus, on the record presented here, there is no showing that the unidentified "agents" or "contractors" regularly or necessarily used their personal devices for Freightmate's business. There is also no showing that Freightmate has a legal right to access those personal devices. *See Nugent*, 2024 WL 4331812 at *5.

For these reasons, Flexport's requested relief directed to Freightmate regarding the personal devices of these "agents'" and "contractors'" is **DENIED**.

**CONCLUSION**

For all the reasons discussed herein, the Court **DENIES** Flexport's requested relief directed to Freightmate (and Freightmate's response to RFP No. 5) regarding the various personal devices at issue here.

This Order **RESOLVES** Dkts. 80 and 83.

**IT IS SO ORDERED.**

Dated: February 2, 2026

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

10