UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLEXPORT, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>FREIGHTMATE AI, INC., et al.,<br><br>       Defendants. | Case No. 25-cv-02500-RFL   (PHK)<br><br>**JOINT ORDER (AS MODIFIED BY THE COURT) REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. 116 |

**INTRODUCTION**

All discovery matters in this case have been referred to the undersigned. [Dkt. 81]. Now before the Court is the Parties' Joint Discovery Letter Brief raising several discovery disputes. [Dkt. 116].

**LEGAL STANDARDS**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the

*United States District Court*
*Northern District of California*

scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the

United States District Court
Northern District of California

discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

The Court held a hearing on these discovery disputes March 5, 2026. [Dkt. 121]. At that hearing, the Court issued verbal rulings on these disputes and those rulings are hereby incorporated by reference. *Id.* As directed by the Court, the Parties submitted a Proposed Order to memorialize the Court's verbal rulings. [Dkt. 122]. As modified herein, the Court adopts the Parties' Proposed Order.

Having considered the Joint Letter Brief, all papers in support of the Joint Letter Brief, and argument of counsel at the hearing on the Joint Letter Brief, the Court **ORDERS AS FOLLOWS:**

**ISSUE 1**

On or before **March 19, 2026**, Flexport, Inc. ("Flexport") **SHALL** produce any and all as-yet unproduced documents that Flexport contends are part of Trade Secret No. 8 ("TS 8"). The documents **SHALL** be produced on a rolling basis.

On or before **March 20, 2026**, Flexport **SHALL** supplement its response to Interrogatory No. 1 to identify by Bates Number all documents that Flexport contends are part of TS 8.

**ISSUE 2**

Flexport supplemented its response to Request for Production No. 46 ("RFP 46"), and produced all non-privileged documents responsive to RFP 46, prior to the hearing on this Joint Discovery Letter brief. To the extent that additional documents responsive to RFP 46 have been or will be generated following the hearing, they **SHALL** be timely produced; any additional responsive communications with third-party deponents **SHALL** be produced at least two business days before the deposition of that third-party.

**ISSUE 3**

Flexport informed the Court that, during Flexport's analysis of this issue, it came to Flexport's attention that there were two documents that were produced that were not the subject of Issue 3 that did not contain create or modification date metadata (FLEXPORT_006029 and FLEXPORT_006159-006167). Flexport has agreed to and **SHALL** produce these documents with the requested metadata on or before **March 12, 2026**.

This Order **RESOLVES** Dkt. 116.

**IT IS SO ORDERED.**

Dated: March 11, 2026

_____
PETER H. KANG
United States Magistrate Judge

4