UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLEXPORT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FREIGHTMATE AI, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02500-RFL   (PHK)<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO APPEAR BY<br>TELEPHONE**<br><br>Re: Dkt. 134 |

Now before the Court is Defendants' Motion to Appear by Telephone/via Zoom at the April 1, 2026 Discovery Hearing. [Dkt. 134]. The Court originally set this Discovery Hearing on March 26, 2026 to occur on March 30, 2026. In that original Order, the Court instructed "NO remote appearances will be permitted."

In response to the Court's Order, on March 26, the Parties filed a Joint Stipulation to continue the hearing until April 1 or thereafter due to the unavailability of Plaintiff's lead trial counsel, John V. Picone, III. [Dkt. 129]. The next day, March 27, the Court granted the stipulation and reset the Discovery Hearing to April 2, 2026. [Dkt. 132]. Later that day, the Court posted a notice advancing the Discovery Hearing to April 1, 2026. [Dkt. 133].

The present motion to appear remotely was not filed in response to the Court's original Order on March 26, 2026. The motion was not filed in response to the March 27 Order rescheduling or the later March 27 Clerk's Notice rescheduling. Rather, this Administrative Motion was not filed until April 1, 2026, the day of the hearing.

This Motion was preceded by an after-business-hours email sent to Court staff last night (the night before this hearing) requesting remote appearance at the hearing initially set by the Order

issued a week ago. That email violated both Sections VII(D) and XI of the Court's Standing Order for Civil Cases ("Parties are not to participate in communications with Court staff. Parties are not to email requests seeking … remote appearances".).

Further, this Administrative Motion does not comply with Civil Local Rule 7-11(a), because it is not accompanied by a declaration that explains why a stipulation could not be obtained.

Finally, this Administrative Motion makes several assertions of facts without a supporting declaration under oath from a witness personally knowledgeable as to the facts asserted, in violation of Civil Local Rule 7-5 (a) ("Factual contentions made in support of … any motion must be supported by an affidavit or declaration"). For example, the Motion avers that counsel for the Defendants Ms. Eno is "out of state" but her docketed appearance and address as counsel of record for Defendants is an address in San Francisco, California (where this Court is located).

The Court has full discretion in managing and organizing its docket, including the management of motions hearings. The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."). The undersigned has made clear in published Orders and on the Court's webpage that the undersigned has found, based on long experience, that in-person appearance at discovery hearings is more productive and efficient than remote appearances, because it affords the Court and the Parties the chance to communicate much more effectively than on Zoom or by phone because of the chance to directly perceive demeanor and body language. *See Thomson v. Equifax*, 2025 WL 3089068 at * 2 (N.D. Cal. Sept. 30, 2025) (Report and Recommendation to dismiss case with prejudice for failure of Party to obey Court Orders, including Orders to attend noticed hearings in-person) *adopted by* 2025 WL 3089062 (N.D. Cal. Oct. 20, 2025); *see also* Standing Discovery Order at § H(4) ("In the event that the Court orders a discovery hearing after reviewing a joint letter, lead trial counsel shall appear *in person* at that hearing along with any other counsel knowledgeable about the matter(s) in dispute.") (emphasis added). Additionally, "[t]he Court has discretion to order in-person hearings when appropriate." *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *3 (D. Kan. Mar. 7, 2024). This hearing was set not

United States District Court
Northern District of California

only to address the specific discovery disputes briefed, but also as a Discovery Management Conference to allow for broader discussion on how the Court expects the Parties to conduct discovery in this case in an efficient and effective manner consistent with their duties under the Federal Rules of Civil Procedure. There is no surprise here – on the contrary, the attorneys requesting remote appearance have had ample notice that the Court expected them to appear in-person at this hearing. As the moving party, these attorneys have failed to present the Court with any evidence, and thus have failed to demonstrate any cause (much less good cause) to allow for remote appearance at this hearing.

Accordingly, the Court **DENIES** the Motion requesting remote appearance. However, pursuant to Civil Local Rule 77-3, the Court will exercise its discretion and will provide the public with remote audio access to this hearing on the Court's public Zoom link. Counsel may listen to the hearing and may use their best professional judgment to make arrangements (if desired) for private, direct communications in real time with their co-counsel who will be appearing in-person at the hearing, provided that such private direct communications do not disrupt the proceedings and do not otherwise violate Civil Local Rule 7-11. If any Party objects to the provision of public access to this hearing (which appears unlikely given the representations in the instant Motion), any such objections **SHALL** be raised at the start of the hearing and ruled upon at that time.

**IT IS SO ORDERED.**

Dated: April 1, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

3