**SPENCER FANE LLP**
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100
Facsimile:  (408) 286-5722

Attorneys for Plaintiff
FLEXPORT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXPORT, INC., | Case No.: 3:25-cv-02500-RFL-PHK |
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS** |
| FREIGHTMATE AI, INC.; YINGWEI (JASON) ZHAO; and BRYAN LACAILLADE, | |
| Defendants. | |

- 1 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

Plaintiff Flexport, Inc. ("Flexport") and Defendants freightmate Ai, Inc. ("freightmate"), Bryan Lacaillade ("Lacaillade"), and Jason Zhao ("Zhao") (Flexport and Defendants collectively, "the Parties"), by and through their respective counsel, stipulate to entry of an Order establishing the following protocol for forensic inspection and analysis of: (1) freightmate's Google Drive account; (2) freightmate Gmail accounts for Zhao and Rishab Gadroo ("Gadroo"), and tech@freightmate.ai; (3) Zhao's personal laptop; (4) Zhao's personal cell phone; (5) Zhao's personal zhao.yingwei@gmail.com email address; (6) Zhao's personal Google Drive; and (7) Zhao's personal Hitachi device, serial number 21001202270000000958 ("Hitachi Drive") (collectively, the "Repositories").

WHEREAS, Flexport served a Request for Inspection to all Defendants on September 5, 2025 ("RFI");

WHEREAS, freightmate, Lacaillade, and Zhao each separately served Responses and Objections to the RFI;

WHEREAS, Defendants are willing to allow the forensic collection, inspection, and analyses of Defendants' Repositories solely on the condition that such undertaking be directed to identifying alleged confidential, proprietary, and/or trade secret information belonging to Flexport ("Flexport Information") previously stored on, accessed by, deleted from, trashed from, and/or copied, transferred or moved to or from such Repositories as further specified below;

WHEREAS, by executing this Stipulation, Flexport does not waive its right to seek further or additional imaging, inspection and/or analysis of Defendants' data sources, and Defendants reserve all rights to oppose such further or additional imaging, inspection and/or analysis of Defendants' data sources; and

WHEREAS, the Parties desire by this stipulation to confirm the appointment of Andrew Crain at BRG ("BRG") for this purpose and to establish a forensic inspection and analysis protocol for its work.

/ / /

/ / /

- 2 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

IT IS HERE STIPULATED AND ORDERED THAT:

**A.   Third Party Neutral.**  The Parties hereby appoint BRG as a third-party neutral to conduct such forensic inspection and analysis described in this Stipulation, and BRG accepts such appointment.  BRG agrees to act as a third party neutral pursuant to this Stipulation and other instructions agreed to by the Parties.  BRG personnel shall not have any *ex parte* communication regarding such investigation or any other topics regarding this matter.  Should questions arise or if BRG requires additional guidance, BRG shall reach out to counsel for all of the Parties via email to schedule a call to discuss.  BRG must agree to be bound by this Order in writing and send its written agreement to counsel for all of the Parties or this Stipulation will be null and void.  BRG must also agree to be bound by the Stipulated Protective Order in this litigation, sign the Acknowledgment and Agreement to Be Bound by Protective Order ("Acknowledgment"), and provide counsel to all of the Parties with a copy of the signed Acknowledgment.  The Parties specifically agree that provision of documents and information to BRG (including but not limited to images of the Repositories) pursuant to this Stipulation shall not constitute a waiver of any privilege or defense then held by Defendants and/or their attorneys, including but not limited to the attorney-client privilege and the attorney work product privilege and their objection that Flexport has failed to adequately identify its alleged trade secrets with reasonable particularity as required by California Code of Civil Procedure section 2019.210.

**B.   Delivery of Images of Repositories for Examination.**  Defendants and their counsel shall arrange for BRG to collect for forensic inspection and analysis, within five (5) business days of the execution of this Stipulation and BRG's performance of their duties under paragraph A of this Stipulation, copies of the forensic images of the following Repositories that Defendants represent were captured by Lighthouse Global on the following dates:

1.   From freightmate:  freightmate's Google Drive account (July 2025); freightmate Gmail accounts for Lacaillade, Zhao, Gadroo, and tech@freightmate.ai (July 2025).

2.   From Zhao:  Zhao's personal laptop (August 2025), personal cellphone (August 2025), personal zhao.yingwei@gmail.com email address (August 2025), personal Google

- 3 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

Drive (August 2025), and personal Hitachi device, serial number 21001202270000000958 (September 2024).

BRG shall mark, and the Parties and BRG shall treat any materials or information derived from the Repositories as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.  BRG and the Parties shall destroy all materials and information derived from the Repositories if required under the Stipulated Protective Order.

If BRG determines, based on evidence uncovered during the inspection pursuant to this Stipulation, that Flexport Information has been transferred from a Repository listed in this Section B onto another data source or storage medium, then such data source(s) or storage medium(s) will also be treated as a Repository in this section and its image inspected pursuant to the protocol set forth in Section D below.

**C. Inventory of Images of Repositories.**  BRG shall take an inventory of the Repositories for which it received a forensic image and confirm in writing to the Parties that Defendants have produced forensic images for all of the Repositories listed in Section B of this Stipulation.  BRG shall maintain copies of all such images for forensic analysis, and shall maintain an unaltered copy of each forensic image.

**D. Forensic Analysis of the Repositories.**  Following receipt of the forensic images of the Repositories, BRG shall perform the following analyses:

1. **Usage Activity.**  If Flexport Information is identified on or in any of the Repositories using the procedure set forth in Section D.4, BRG will endeavor to determine through forensic analysis when the Repositories were used to download, copy, upload, and/or transfer Flexport Information, what Flexport Information was subject to this activity, how the subject activity occurred, and where and to whom the Flexport Information was copied, transferred, uploaded, stored, and/or communicated, if at all (collectively, the "Usage Activity").

2. **Deletion Activity.**  Using the procedure set forth in Section D.4,

- 4 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

a. BRG will endeavor to determine through forensic analysis whether any Flexport Information was deleted or trashed from the Repositories, and if so, what information was deleted or trashed, and how so. In addition, BRG shall determine whether the Flexport Information was deleted or trashed through manual means, by using common tools, or if any special deletion software, or software that encrypts and hides documents, has been utilized.

b. BRG shall then compile a list of any Flexport Information deleted or trashed from or hidden on any of the Repositories as well as the date and time of each such "Deletion Event" and a summary indicating whether those files/folders were deleted, trashed or hidden using scrubbing, shredding, anti-forensic software, or other method (the "Deletion Activity").

3. **Restoration of Flexport Information Identified in Deletion Activity**. If any Flexport Information is identified in the Deletion Activity, the Parties will meet and confer regarding: i) whether restoration of the Flexport Information removed, deleted or trashed from or hidden on any of the Repositories is possible; ii) the process by which BRG will endeavor to restore through forensic analysis the Flexport Information identified in the Deletion Activity; and iii) who should pay costs and fees associated with any such restoration activities.

4. **Identification of Flexport Information.** To identify what Flexport Information, if any, was subject to the Usage Activity and/or the Deletion Activity, BRG will search for the specific files set forth in Attachment A.

5. **Flexport Information Metadata.** BRG shall gather the underlying files identified in the Usage Activity and Deletion Activity (if recoverable), as well as any associated data and/or metadata available – including but not limited to creation date, file location, file name, access history, sync history, transfer history, compression history (*i.e.*, zip files or other compressed file types), and duplication history – (hereafter "Flexport

- 5 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

Information with Associated Repository Metadata") and include them in the Forensic Deliverables as described in Section E herein.

**E.  Contents of Forensic Deliverables**.  The Usage Activity, Deletion Activity, and Flexport Information with Associated Repository Metadata shall comprise the "Forensic Deliverables."  BRG shall simultaneously provide all of the Parties with the Forensic Deliverables on a rolling basis as they become available.

**F.  Payment of Fees.**  Subject to Section D.3 and unless otherwise provided by this Section F, the Parties agree that they are equally responsible for payment of all costs and fees incurred during the forensic inspection and analysis process, including fees billed by BRG, with Flexport paying 50% and Defendants paying 50% of costs and fees billed by BRG. Notwithstanding the foregoing, all costs and fees—or increased costs and fees—attributable to requests by Flexport to rush and/or expedite BRG's analysis, shall be borne 100% by Flexport.

Dated: April 30, 2026                                    ALTO LITIGATION, PC


                                                         */s/ Bryan Ketroser*
                                                         Bryan Ketroser
                                                         Attorneys for Defendants freightmate Ai,
                                                         Inc. and Bryan Lacaillade

Dated: April 30, 2026                                    CHAN + PUNZALAN


                                                         */s/ Chowning Poppler*
                                                         Chowning Poppler, Esq.
                                                         Attorneys for Defendant Yingwei (Jason)
                                                         Zhao


Dated: April 30, 2026                                    SPENCER FANE


                                                         */s/ Jennifer S. Coleman*
                                                         John V. Picone III
                                                         Jeffrey M. Ratinoff
                                                         Jennifer S. Coleman
                                                         Jing H. Cherng
                                                         Attorneys for Plaintiff Flexport, Inc.

- 6 -

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

**IT IS SO ORDERED.**


Dated: _____    _____
                                   PETER H. KANG
                                   United States Magistrate Judge

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

ATTACHMENT A

1. FLEXPORT_000001

2. FLEXPORT_000002, excluding rows 28-30, 70-73, and 78-79

3. FLEXPORT_279929

4. Freightmate's Supplemental Response to Interrogatory No. 9, Exhibit A, specific files/folders identified in rows 3141-6627 which originate from columns B, D and H-J of FREIGHT041366, and sorted by "Delete" events

5. FREIGHT_041366, specific files/folders identified in rows:  62392–63319, 63321-63414, 63416-63455, 63471, 63503, 63520, 63577, 63646, 63683, 63720, 63747, 63793, 63920, 64025–64026, 64033–64035, 64069, 64071, 64128, 64137–64140, 64144–64145, 64148–64150, 64152, 64157, 64162–64167, 64169–64172, 64174–64190, 64192–64199, 64203, 64224, 64255, 64306–64312, 64432–64469, 64432–64469, 64471–64469, 64471–64475, 64509–64551, 64686–64729, 64739, 64747, 64749–64756, 64773–64774, 64776–64782, 64784–64787, 66669–66675, 66678–66836, 67025–67068, 67071–67100, 67102–67175, 67177–67250, 67025–67068, 67071–67100, 67102–67175, 67177–67250, 67252–67285, 67358, 67415, 67484–67552, 67554–67564

6. "flexport-master.zip"

- 8 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: April 30, 2026

SPENCER FANE LLP

*/s/ Jennifer S. Coleman*
John V. Picone III
Jeffrey M. Ratinoff
Jennifer S. Coleman
Jing H. Cherng
Attorneys for Plaintiff,
FLEXPORT, INC.

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

- 1 -

**STIPULATION AND [PROPOSED] ORDER SETTING PROTOCOL FOR LIMITED FORENSIC INSPECTION OF DEFENDANTS' ELECTRONIC DEVICES AND/OR ACCOUNTS**
Case No.: 3:25-cv-02500-RFL-PHK

SJ 2547654.10