UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLEXPORT, INC.,

         Plaintiff,

    v.

FREIGHTMATE AI, INC., et al.,

         Defendants.

Case No.  25-cv-02500-RFL

**ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO MODIFY CASE SCHEDULE**

Re: Dkt. No. 153

Flexport requests a 45-day extension of the case deadlines to permit it additional time to file:  (1) discovery disputes concerning Freightmate's use of Google Cloud and ChatGPT, including motions to compel subpoena compliance against third parties Google and OpenAI; and (2) a Rule 37(e) motion concerning Freightmate's alleged failure to preserve ESI.  "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard primarily considers the diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (citation and quotation marks omitted).

The record demonstrates that Flexport did not diligently seek the discovery in question regarding Google Cloud and ChatGPT.  First, Flexport learned of Freightmate's use of Google Cloud and ChatGPT when it analyzed Freightmate's code in February 2026.  Freightmate, however, had made its code available to Flexport for review as early as September 2025.  (*See* Dkt. No. 163-5.)  Diligence would have led to Flexport's evaluation of the code, and ensuing discovery of Freightmate's use of Google Cloud and ChatGPT, sooner.  Second, on October 7, 2025, in responding to Flexport's interrogatory seeking the identification of "any non-Flexport locations or media capable of storing electronic data that are accessible to [Freightmate], or were

1

accessible to [Freightmate] at any time after January 1, 2024," Freightmate identified both Google Cloud and OpenAI. (*See* Dkt. No. 97-3 at ECF Pages 5-8, 11.) There is no indication that Freightmate responded inaccurately to this discovery request. Thus, by October 2025, Flexport was on notice that Freightmate used both Google Cloud and ChatGPT to store electronic data. Extending the case schedule now, more than six months later, to allow Flexport to obtain discovery concerning Freightmate's use of Google Cloud and ChatGPT is accordingly not appropriate.

As for the Rule 37(e) motion, Flexport represents that it did not learn of Freightmate's alleged violations until April 2026. Freightmate's arguments go to the merits of the proposed motion and not to Flexport's diligence. Accordingly, if Flexport chooses to file a Rule 37(e) motion, it shall do so by **June 5, 2026**. Any such motion is **REFERRED** to Judge Kang.

      **IT IS SO ORDERED.**

Dated: May 6, 2026

RITA F. LIN
United States District Judge

2