UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLEXPORT, INC.,

           Plaintiff,

      v.

FREIGHTMATE AI, INC., et al.,

           Defendants.

Case No.  25-cv-02500-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Re: Dkt. No. 147

Flexport moves for leave to file a second amended complaint.  It proposes withdrawing its copyright infringement claim (which it describes as having the effect of a dismissal without prejudice), adding a breach of fiduciary duty claim, and inserting various other factual allegations.  For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.[1]

***Good Cause.***  Because Flexport requests leave to amend after the September 15, 2025 deadline to amend the pleadings has lapsed, it must first demonstrate good cause for modifying the case schedule.  *See* Fed. R. Civ. P. 16(b)(4); *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 745 (9th Cir. 2025).  "The good cause standard primarily considers the diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (citation and quotation marks omitted).

Beginning with the copyright claim, Flexport decided to withdraw that claim after completing its review of Freightmate's source code in mid-April 2026.  Although Freightmate initially made its code available for review in September 2025, the entirety of its code was not

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

made available at that time.  Rather, Flexport requested additional code in November 2025 and pursued that request, including by filing a discovery dispute before Judge Kang.  Judge Kang ordered the requested code produced on April 6, Flexport completed its review on April 16, it sent the proposed second amended complaint to Freightmate on April 21, and it sought leave to amend on April 28.  That timeline demonstrates diligence.[2]  Moreover, Flexport could not have sought leave to amend before the September 15 deadline lapsed because Freightmate did not make the entirety of its code available for review until much later.

With respect to the breach of fiduciary duty claim, Flexport decided to add that claim after receiving certain key document productions from Zhao and Lacaillade showing their contemporaneous communications in the period immediately before they left Flexport.  Flexport first requested those documents in November 2025.  Defendants responded in January 2026, Flexport sent meet and confer correspondence in January and February, the parties met and conferred in February, and the document productions followed on a rolling basis between February and April, with the final production occurring on April 20, the day before Flexport sent the proposed second amended complaint to Freightmate and about a week before it sought leave to amend.  Once again, that timeline demonstrates diligence.

It does not matter that the operative complaint contains some allegations that could potentially support the breach of fiduciary claim that Flexport now seeks to add, such that Flexport could have possibly brought that claim sooner.  Under California law, "[t]he mere fact that [an employee] makes preparations to compete before he resigns his office is not sufficient to constitute a breach of duty." *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 346 (1966); *accord Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 333-34 (2020).  Applying that

---

[2] A prior order found that Flexport had not been diligent in following up on Freightmate's use of Google Cloud and ChatGPT.  (Dkt. No. 167.)  But that does not change the finding of good cause here.  Even if Flexport had been diligent about getting code from those sources, Flexport still would have been missing other portions of Freightmate's code, which Freightmate was eventually ordered to produce in April 2026 pursuant to Flexport's diligent efforts.  The record indicates that, without Freightmate's complete relevant code base, Flexport could not accurately assess the viability of its copyright claim.

standard to the allegations in the operative complaint, it is far from clear that Flexport had a

viable breach of fiduciary duty claim or sat on its rights before obtaining its recent document

productions from Zhao and Lacaillade.

   ***Remaining Factors.***   Once good cause is shown under Rule 16, the analysis turns on six

factors:  (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure

deficiencies through previously allowed amendments; (5) undue prejudice to opposing parties;

and (6) futility of amendment.  *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th

Cir. 2020).  But

> [n]ot all of the factors merit equal weight. . . .  [I]t is the consideration of
> prejudice to the opposing party that carries the greatest weight. . . .  Absent
> prejudice, or a strong showing of any of the remaining . . . factors, there exists a
> presumption under Rule 15(a) in favor of granting leave to amend.

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis and

citations omitted).  Ultimately, "[r]equests for leave to amend should be granted with extreme

liberality."  *Brown*, 953 F.3d at 574 (citation and quotation marks omitted).

   With respect to withdrawing its copyright claim, Flexport acted diligently in seeking

withdrawal, so there is no undue delay.  There is also no evidence suggesting bad faith,

withdrawing a claim is not dilatory, and the repeated failure to cure deficiencies and futility

factors are not implicated by a proposed amendment to *withdraw* a claim.  That leaves the

prejudice factor.  Defendants argue that they would suffer prejudice from a withdrawal of the

copyright claim because a withdrawal constituting a dismissal without prejudice will prevent

them from seeking attorneys' fees and costs under the Copyright Act.  *See Cadkin v. Loose*, 569

F.3d 1142, 1149-50 (9th Cir. 2009).  That is not the type of prejudice contemplated by Rule 15.

*See Jordan v. Advanced Med. Revs., LLC*, No. 21-cv-02039-RGK, 2021 WL 1962561, at *3

(C.D. Cal. May 17, 2021) ("Prejudice, in the context of a motion to amend, means undue

difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the

other party." (citation and quotation marks omitted)).

   With respect to adding a breach of fiduciary duty claim, there is no undue delay because

Flexport acted diligently in obtaining the discovery that led it to seek to add the claim. That discovery resulted in proposed allegations concerning new facts that are not present in the operative complaint (*e.g.*, Defendants' discussions with potential investors, Defendants' creation of new intellectual property that they did not assign to Flexport, etc.). There is also no evidence that Flexport is acting in bad faith or with dilatory motive. Likewise, because the fiduciary duty claim is being added for the first time, it does not implicate any repeated failure to cure deficiencies. As for prejudice, any prejudice from allowing amendment now, after the close of fact discovery, is, at least in part, "of [Defendants'] own making" because they did not produce the discovery that led to the request to add the claim until months after Flexport first requested that discovery. *Jones v. Universal City Studios LLC*, No. 24-cv-08321-ODW, 2025 WL 3899345, at *5 (C.D. Cal. June 18, 2025). In any event, as discussed below, this Order directs the parties to propose a modified case schedule to permit discovery on the new claim, which mitigates the prejudice suffered by Defendants. That leaves the futility factor. "Denial based on this factor is rare, and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. Deferral is appropriate here, as an analysis of the merits of [Flexport's] proposed amended claim[] is better suited to its own fully briefed motion." *Iovance Biotherapeutics, Inc. v. Fed. Ins. Co.*, No. 25-cv-00040-RFL, 2025 WL 2426830, at *2 (N.D. Cal. Aug. 22, 2025) (citations and quotation marks omitted).

In sum, the factors weigh in favor of allowing Flexport to withdraw the copyright infringement claim and add a breach of fiduciary duty claim.

***Other Proposed Amendments.*** While Flexport characterizes its request as concerning withdrawal of its copyright infringement claim and addition of a breach of fiduciary duty claim, not all of its proposed amendments appear to fall within the scope of that withdrawal and addition. Defendants identify 14 paragraphs in the proposed second amended complaint that, in their view, are unrelated to the withdrawal and addition. (*See* Dkt. No. 168 at 19 (citing proposed paragraphs 27-29, 116, 124-25, 129-36).) Flexport does not dispute this in reply and

instead argues that these proposed amendments "amount to conforming the pleadings to proof" in connection with its trade secret misappropriation claim.  (*See* Dkt. No. 172 at 12 n.3.)  It does not, however, explain when or how it obtained the "proof" underlying these proposed amendments, so it has failed to meet its burden of showing diligence under Rule 16.

*Conclusion.*  For the foregoing reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.  By **June 11, 2026**, Flexport shall file its second amended complaint and accompanying redline, but those documents shall not include the changes reflected in paragraphs 27-29, 116, 124-25, and 129-36 of the proposed second amended complaint.  Flexport need not re-file its request to seal the redacted portions of these filings.  To allow the parties to take discovery on the newly added breach of fiduciary duty claim, by **June 18, 2026**, the parties shall meet and confer and submit a modified proposed case schedule.  If the parties cannot agree on a proposed schedule, then by the same date, they shall submit a joint filing of no longer than 10 pages setting forth their respective positions, along with a chart containing the competing schedules side by side.  **The scope of fact discovery is now limited to the breach of fiduciary duty claim.**

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
RITA F. LIN
United States District Judge