ALTO LITIGATION, PC
  Bahram Seyedin-Noor (Bar No. 203244)
  bahram@altolit.com
  Bryan Ketroser (Bar No. 239105)
  bryan@altolit.com
  Kevin O'Brien (Bar No. 278823)
  kevin@altolit.com
  Anthony F. Basile (Bar No. 247409)
  anthony@altolit.com
1 Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: (415) 779-2586
Facsimile:  (415) 306-8744

Attorneys for Defendants
FREIGHTMATE AI, INC.
AND BRYAN LACAILLADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLEXPORT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FREIGHTMATE AI, INC., YINGWEI (JASON) ZHAO, and BRYAN LACAILLADE,<br><br>    Defendants. | Case No. 3:25-cv-2500-RFL-PHK<br><br>**DEFENDANT FREIGHTMATE, AI, INC.'S STATEMENT ON MAINTAINING UNDER SEAL PORTIONS OF FLEXPORT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND SUPPORTING DECLARATIONS [Dkt. No. 207]**<br><br>[Civil Local Rules 7-11 and 79-5]<br><br>*[Filed concurrently with Declaration of Bryan Lacaillade and Proposed Order]* |

Pursuant to Civil Local Rule 79-5, Defendant freightmate Ai, Inc. ("Freightmate") requests that the Court maintain under seal those portions of the following documents previously filed conditionally under seal that contain proprietary and trade secret technical information related to Freightmate's sole product, Docmate, the disclosure of which might harm Freightmate's competitive standing if publicly known:

- Plaintiff Flexport, Inc.'s Reply in Support of Motion for Sanctions Under FRCP Rule 37(e) [Dkt. No. 208];

- Exhibit 1 to Ratinoff Reply Declaration [Dkt. No. 209];

- Exhibit 2 to the Ratinoff Reply Declaration [Dkt. No. 209];

- Declaration of Dr. Michael G. Kay in Support of Plaintiff Flexport, Inc.'s Reply in Support of its Motion for Sanctions Under FRCP 37(e) [Dkt. 211];

- Declaration of Dieter W. Hotz in Support of Plaintiff Flexport, Inc.'s Reply in Support of its Motion for Sanctions Under FRCP 37(e) [Dkt. at 212]; and

- Declaration of Daniel L. Regard II in Support of Plaintiff's Reply in Support of Motion for Sanctions Under FRCP 37(e) [Dkt. No. 213] (Dkt. Nos. 208, 209, 211, 212, and 213 collectively referred to herein as "Sanctions Reply").

## I.    LEGAL STANDARD

Although there is a strong presumption of public access to judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 US. 589, 597 (1978), that presumption is not without limitations.  The party seeking to seal a judicial record bears the burden of overcoming the presumption of access.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The heft of that burden depends on the type of motion tied to the documents sought to be sealed.  When the related motion is more than "tangentially related to the merits of the case," the more rigorous "compelling reasons" standard applies.  *Nia v. Bank of Am., N.A.,* No. 21-CV-1799-BAS-BGS, 2024 WL 171659, at *1 (S.D. Cal. Jan. 12, 2024) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016)).  If the related motion is not more than tangentially related to the merits of the case, the more relaxed "good cause" standard applies.  *Id.; see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

FREIGHTMATE'S STATEMENT ON MAINTAINING UNDER SEAL PORTIONS OF FLEXPORT'S
REPLY ISO MOTION FOR SANCTIONS
CASE NO. 3:25-CV-02500-RFL-PHK

Moreover, "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Here, Flexport's Sanctions Reply is not more than "tangentially related to the merits of the case," as it relates only to Plaintiff's request that Defendants Freightmate, Bryan Lacaillade and Jason Zhao be sanctioned under FRCP Rule 37(e) for alleged spoliation of evidence.  As a result, the Court need only find that "good cause" exists for sealing.

II.    GOOD CAUSE EXISTS TO SEAL THE REQUESTED PORTIONS OF THE SANCTIONS MOTION

Good cause exists to seal portions of the Sanctions Motion because Freightmate has made the three-part showing required by Civil Local Rule 79-5(c)(1).

First, a legitimate interest exists to maintain Freightmate's proprietary and trade secret technical information about Docmate, its sole product, under seal.  Courts in this District have routinely found that good cause supports sealing confidential technical information.  *See, e.g., Cellwitch Inc. v. Tile, Inc.,* No. 19-CV-01315-JSW (AGT), 2025 WL 1267199, at *3 (N.D. Cal. Jan. 27, 2025), *report and recommendation adopted*, No. 19-CV-01315-JSW, 2025 WL 1582141 (N.D. Cal. Apr. 25, 2025) (sealing confidential technical information); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (sealing source code containing "proprietary and trade secret descriptions of the technical infrastructure and design" of defendant's products); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS(JSC), 2017 WL 5257001, at *8 (N.D. Cal. Nov. 13, 2017) (sealing technical information about plaintiff's products); *Campbell v. Facebook, Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing information about the processes and functionality of defendant's products).

Courts have also found that "'[s]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." *In re Mahltig Mgmt. Und Beteiligungsgesellschaft MBH*, No. 18-MC-80037 NC, 2018 WL 11198061, at *6 (N.D. Cal. Apr.

FREIGHTMATE'S STATEMENT ON MAINTAINING UNDER SEAL PORTIONS OF FLEXPORT'S
REPLY ISO MOTION FOR SANCTIONS
CASE NO. 3:25-CV-02500-RFL-PHK

24, 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing documents that reveal how certain third-party technology works); *Kimera Labs Inc. v. Exocel Bio Inc.*, No. 21-CV-2137-MMA-DDL, 2024 WL 3014639, at *1 (S.D. Cal. June 14, 2024).

Second, injury may result to Freightmate if the requested information is not sealed. The technical information about Docmate that Freightmate seeks to seal is not publicly known, and Freightmate's competitive standing would be harmed if this information were released in a public court filing accessible to Freightmate's competitors. Declaration of Bryan Lacaillade ("Lacaillade Decl.") ¶¶ 3-4. In its September 2, 2025 Stipulated Protective Order, this Court recognized that good cause exists for protecting as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Parties' extremely sensitive confidential information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." Dkt. No. 78 at § 2.8.

Finally, a less restrictive alternative to the sealing Freightmate proposes does not exist. As demonstrated in the accompanying [Proposed] Order, Freightmate requests sealing of only those portions of the Sanctions Reply that expressly reference confidential and trade secret technical information about Docmate. Where, as here, the requirements of Civil Local Rule 79-5 have been met, the requested information should remain under seal. *See VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF (NC), 2019 WL 8107916, at *1 (N.D. Cal. Mar. 7, 2019).

III.    CONCLUSION

For the foregoing reasons, the Court should Order that the portions of the Sanctions Motion identified in the accompanied [Proposed] Order remain under seal.

Dated: July 6, 2026

ALTO LITIGATION, PC

*/s/ Anthony Basile*

Anthony Basile
Attorneys for Defendants
freightmate Ai, Inc. and
Bryan Lacaillade

FREIGHTMATE'S STATEMENT ON MAINTAINING UNDER SEAL PORTIONS OF FLEXPORT'S
REPLY ISO MOTION FOR SANCTIONS
CASE NO. 3:25-CV-02500-RFL-PHK