UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXPORT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FREIGHTMATE AI, INC., et al.,<br><br>    Defendants. | Case No.  25-cv-02500-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 203 |

Zhao's motion for leave to file a late answer to the second amended complaint is **GRANTED**.  Because Zhao requests an extension of time to file an answer after his deadline to do so has passed, he must demonstrate "excusable neglect."  *See* Fed. R. Civ. P. 6(b)(1)(B).  "To determine whether neglect is excusable, a court must consider four factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (citation and quotation marks omitted).  The factors weigh in Zhao's favor.

Beginning with prejudice, Flexport points only to the substance of Zhao's proposed answer as a source of prejudice, arguing that Zhao does not "straightforwardly" admit or deny certain allegations, thereby requiring Flexport "to spend additional resources through trial preparation to establish facts that Zhao should have either admitted or directly denied in the first instance."  (*See* Dkt. No. 217 at 6-8.)  This argument does not identify a cognizable source of prejudice based on the brief delay.  The need to litigate the underlying issues on the merits, including any purported defects in the answer, is not prejudice.  *Cf. Johnson v. Bay Area Rapid Transit Dist.*, No. 09-cv-00901-EMC, 2014 WL 1395749, at *3 (N.D. Cal. Apr. 10, 2014)

1

("[T]he fact that a party will have to defend a claim on its merits is not 'prejudice' for purposes of the excusable neglect standard." (citing *Bateman v. USPS*, 231 F.3d 1220 (9th Cir. 2000))).

As for the length of the delay, Zhao filed his motion two days after his deadline to file an answer passed. Flexport does not explain how such a short delay will impact the case, and it does not appear that it will. The remaining deadlines concern discovery (which closes at the end of this month) and the final pretrial conference in September, with trial starting a month later. (*See* Dkt. No. 193.) A slight delay in getting Zhao's answer on file will not have any significant impact on those proceedings.

Turning to the reason for the delay, counsel represents that they mis-calendared the filing deadline for Zhao's answer by 7 days, having mistakenly relied on the wrong rule of civil procedure. Given the short delay and the circumstances, counsel's error is appropriately excused. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("[W]hile a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect." (citation omitted)).[1] Flexport's authorities do not counsel otherwise. *See Iopa Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301-02 (9th Cir. 2019) (counsel's "challenges in managing his caseload" was an insufficient reason); *In re Enron Corp.*, 419 F.3d 115, 126-27 (2d Cir. 2005) (same for being busy with negotiations); *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (same for "counsel's financial pressures beyond his control, counsel's relocation to Nebraska and the reduction in staff in counsel's office"); *Selph v. Council of City of L.A.*, 593 F.2d 881, 884 (9th Cir. 1979) ("The term excusable neglect 'is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case.'" (citation omitted)).

---

[1] "While *Ahanchian* discussed the excusable neglect standard contained in Fed.R.Civ.P. 60, it is well settled that the excusable neglect standard in Federal Rule of Civil Procedure 6(b) and 60(b) are to be applied identically." *Johnson*, 2014 WL 1395749, at *2 n.1 (citation omitted).

Finally, Zhao acted in good faith.  He filed the motion two days after his deadline lapsed, and counsel investigated the issue immediately after they learned that they may have missed a deadline.  Zhao's counsel also conferred with Flexport's counsel before filing the motion. Flexport points only to the substance of Zhao's proposed answer to argue that Zhao does not seek an extension in good faith, but the contents of the answer itself are irrelevant to the question of whether Zhao acted in good faith in seeking an extension.

Thus, Zhao has demonstrated excusable neglect.  By **July 13, 2026**, Zhao shall file his answer to the second amended complaint.  Flexport's request to deem admitted certain allegations in the second amended is **DENIED AS MOOT** because the basis for the request is Zhao's failure to file an answer, and this Order permits Zhao to file a late answer.

The parties have filed an inordinate number of administrative motions relating to issues on which they should have been able to reach agreement as a matter of common sense and professional courtesy.  For all future administrative motions, counsel must either:  (1) file a declaration in support of the motion indicating that lead trial counsel have had a live meet and confer via videoconference or in person and were unable to resolve the issue; or (2) provide a declaration showing good cause as to why such a conversation was not feasible.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
RITA F. LIN
United States District Judge

3