UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREIGHTMATE AI, INC.; YINGWEI (JASON) ZHAO; and BRYAN LACAILLADE,<br><br>Defendants. | Case No. 3:25-cv-02500-RFL-PHK<br><br>JOINT LETTER BRIEF REGARDING AGREED UPON AND DISPUTED JUDICIAL ADMISSIONS<br><br>Action Filed: March 12, 2025 |

Dear Judge Lin:

Pursuant to the Court's Rulings on Pretrial Matters (ECF No. 285), Plaintiff Flexport, Inc. ("Flexport") and Defendants freightmate Ai, Inc., Bryan Lacaillade and Jason Zhao (collectively, "Defendants") met and conferred on a proposed list of judicial admissions. Flexport and Defendants (the "Parties") were able to agree on a significant number, which are listed in Exhibit A attached hereto. However, the disputes are now narrowed to nine judicial admissions where the Parties were unable to reach an agreement. A chart identifying these admissions and the parties' respective proposals is attached hereto as Exhibit B. The Parties further submit their respective positional statements on the dispute below.

**Enclosed:**

Exhibit A: List of Agreed-Upon Judicial Admissions
Exhibit B: Chart of Judicial Admissions Subject to Dispute

Respectfully submitted,

Dated: September 29, 2026

*/s/ Jeffrey M. Ratinoff*
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
**SPENCER FANE LLP**
225 W. Santa Clara Street
Suite 1500
San Jose, CA 95113
Tel: (408) 286-5100

Attorneys for Plaintiff,
FLEXPORT, INC.

Dated: September 29, 2026

*/s/ Bryan Ketroser*
Bahram Seyedin-Noor (State Bar No. 203244)
bahram@altolit.com
Bryan Ketroser (State Bar No. 239105)
bryan@altolit.com
**ALTO LITIGATION, PC**
1 Embarcadero Center
Suite 1200
San Francisco, CA 94111
Tel: (415) 779-2586

Attorney for Defendants,
FREIGHTMATE AI, INC. and BRYAN LACAILLADE

**[SIGNATURES CONTINUE ON NEXT PAGE]**

Dated: September 29, 2026

*/s/ A. Chowning Poppler*
Mark Punzalan (State Bar No. 247599)
mark@chanpunzalan.com
A. Chowning Poppler (State Bar No. 272870)
chowning@chanpunzalan.com
**CHAN PUNZALAN LLP**
22 Battery Street
Suite 800
San Francisco, CA 94111
Tel: (415) 839-0063

Attorney for Defendant
YINGWEI (JASON) ZHAO

## ATTESTATION

I, Jeffrey M. Ratinoff, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 29, 2026

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff

**FLEXPORT'S POSITION**

The parties have narrowed their disputes to a handful of additions that Defendants seek to append to their own judicial admissions. Each of Flexport's proposed facts comes from Defendants' Answers to the Second Amended Complaint ("SAC") or from the Narratives they filed under Paragraph 3 of the Stipulation and Order Regarding Flexport Proprietary Information and Source Code (ECF No. 24). Flexport's proposals track the admitted language of those sources and depart from it only as a standalone fact requires — substituting each Defendant's name, using the parties' agreed defined terms, and combining identical admissions by more than one Defendant. Those changes do not alter what Defendants admitted. What Defendants now seek to add does. Rather than complete a quotation, their additions inject disputed, self-serving facts to offset what they have already admitted. Only one of the disputed admissions comes from a different source: Magistrate Judge Kang's Order Regarding Plaintiff's Motion for Sanctions. ECF No. 283.

**Defendants' Admitted Facts Are Conclusive Judicial Admissions That They May Not Offset**

It is well-established that "[s]tipulations and admissions in the pleadings are generally binding on the parties and the Court." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-227 (9th Cir. 1988) (citation omitted). A judicial admission "withdraw[s] a fact from issue" and "dispens[es] wholly with the need for proof of the fact." *Id.* at 226. Unless amended, it is "conclusively binding on the party who made" it. *Id.* The Supreme Court has applied that rule to a concession in an answer, holding that the party "remain[ed] bound" by the concession and could not later contest the admitted fact. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 n.6 (2013). Thus, a defendant "may not dispute" a fact admitted in its answer. *Davis v. Tri-County Metro. Transp. Dist.*, No. 3:12-cv-00808-SI, 2015 WL 4403529, at *2 (D. Or. July 17, 2015).

The same treatment is warranted for the factual concessions in Defendants' Narratives. Defendants characterize the Narratives as merely "sworn statements," but that label ignores the circumstances in which they were made. They were not informal declarations prepared outside this litigation or routine interrogatory responses of the kind addressed in *Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982). Freightmate and Zhao prepared and served the Narratives pursuant to Paragraph 3 of the parties' Stipulation and Order Regarding Flexport Proprietary Information and Source Code (ECF No. 24). The Narratives supplied Defendants' formal, verified factual accounts concerning the Flexport materials at issue and were filed in this action. *See* ECF Nos. 179-23, 179-24. Considered together with the court-approved stipulation that required them, the Narratives are formal concessions made in this proceeding—not ordinary discovery responses or testimony. At minimum, the Court has discretion to treat their adverse factual representations as judicial admissions, if not stipulated facts. *See Lacelaw*, 861 F.2d at 227.

The doctrine therefore does not permit Defendants to "offset" an admitted fact with a favorable explanation and then present both as equally undisputed. A judicial admission binds the party that made it and relieves the opposing party of proving the admitted fact; it does not entitle the admitting party to append its own disputed account. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 n.2 (9th Cir. 2001); *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986). Defendants may offer admissible evidence at trial concerning genuinely disputed matters, subject to the Court's evidentiary rulings. But they may not use the list of admitted facts to insert self-serving denials, explanations, or competing inferences before

the jury as though those matters also had been established. The admitted facts themselves remain conclusively withdrawn from dispute.

**Rule 106 Does Not Authorize Supplementing a Judicial Admission**

Defendants invoke the Court's invitation to identify "additional portions to be included under Rule 106 because the existing quotation will create a misimpression without the additional portion." ECF No. 285 at 13. But their proposed additions do not complete a statement. They append disputed denials and explanations to facts Defendants have admitted.

Rule 106 applies when a party "introduces all or part of a statement." Fed. R. Evid. 106. A judicial admission is different. It "withdraw[s] a fact from issue" and dispenses with proof of that fact. *Lacelaw*, 861 F.2d at 226. Judicial admissions therefore "are not evidence at all," but instead operate "as a substitute for evidence." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 134 F. Supp. 3d 1199, 1206 (N.D. Cal. 2015). When an admitted fact is presented to the jury, it is being told which facts Defendants have removed from dispute. There is no partial statement to complete.

Defendants conflate the admitted fact with the document in which it was admitted. That an Answer admits part of an allegation and denies the remainder does not make the denial part of the admission. Rule 8(b)(4) expressly permits a party to "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). The admitted portion is withdrawn from dispute while the denied portion remains disputed. Stating only the admitted fact therefore creates no misimpression. It accurately distinguishes what has been established from what remains for the jury to decide.

Defendants' proposed additions would impermissibly erase that distinction. For example, their proposed language for Admission No. 1 would attach their denial concerning the subject of the WeChat communications to their admissions that the group was used during the relevant period and that some communications occurred during Flexport business hours. *See* Exhibit B. That denial does not clarify the meaning of either admitted fact. It addresses a separate question—what the communications concerned—that remains disputed. Describing that dispute alongside the admissions would not "complete" the admitted facts; it would give Defendants' denial a place on the list of facts established for trial.

The same defect applies to Defendants' proposed additions drawn from the Narratives. Statements that a download was "inadvertent," that Zhao was "orienting himself" to GitHub, or that he did not open, share, or transfer a file do not clarify the admitted acts of downloading or deleting that file. They assert Defendants' explanations and denials concerning separate, disputed matters. Rule 106 does not apply merely because those assertions concern the same file or because Defendants believe they would counter an inference Flexport may draw from the admitted facts. As the Advisory Committee explained, "[t]he mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough." Fed. R. Evid. 106 advisory committee's note to 2023 amendment. Accordingly, Rule 106 provides no basis to append Defendants' disputed denials, explanations, or characterizations to the admitted facts. The proposed additions do not correct a misimpression in those facts; they attempt to offset them. The Court should reject them.

**Even If Rule 106 Applied to Defendants' Pleadings, Their Additions Are Inadmissible**

Even assuming *arguendo* that Rule 106 reached these admissions, Defendants' proposed additions

would not qualify under this rule. Rule 106 permits completion only when an omitted statement is necessary to correct a misimpression created by the portion presented. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). The 2023 amendment did not eliminate that requirement. The amendment "does not give a green light of admissibility to all excised portions;" it applies only when a party has created a misimpression and the additional statement "in fact corrects" it. Fed. R. Evid. 106 Advisory committee's note to 2023 amendment. "The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough." *Id.* Rule 106 likewise does not require admission of omitted material that does not "serve to correct a misleading impression." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014).

Defendants' reliance on the amendment's hearsay provision puts the cart before the horse. Rule 106 permits admission over a hearsay objection only if the proposed material first satisfies the Rule's completeness requirement. The Advisory Committee explained that a party forfeits a hearsay objection when it "presents a distortion" that the additional statement would correct. Fed. R. Evid. 106 advisory committee's note to 2023 amendment. Unless the proponent establishes that predicate, Rule 106 supplies no exception to the ordinary rules of admissibility.

*United States v. Lopez* is consistent with that limitation. The Ninth Circuit permitted the remainder of a statement because it was necessary "to correct a misleading impression" created by the edited portion introduced against the defendant. 4 F.4th 706, 715 (9th Cir. 2021). *Lopez* does not hold that related, contradictory, or explanatory statements are admissible whenever part of a party's account is presented. It requires the same showing that Defendants cannot make here: an actual distortion that the omitted material would correct.

Absent Rule 106, Defendants' additions drawn from their Narratives are their own out-of-court assertions offered in their favor. Rule 801(d)(2) applies only when a party's statement is "offered against an opposing party." Fed. R. Evid. 801(d)(2). A party therefore "may not offer his own statements as party admissions." *Cnty. of Stanislaus v. Travelers Indem. Co.*, 142 F. Supp. 3d 1065, 1076 (E.D. Cal. 2015). Zhao's personal knowledge is beside the point. Defendants concede his statements are a matter for cross-examination — which means it is disputed. Personal knowledge is not a hearsay exception, and it does not let Zhao offer his own out-of-court statement in his favor

As the bellwether examples below show, Defendants' additions do not correct a distortion in any admitted fact. Because they do not satisfy Rule 106's threshold requirement, the 2023 amendment's hearsay provision does not apply, and Defendants' additions remain inadmissible.

**Bellwether Example Number One: Admission No. 1**

Lacaillade and Zhao each admitted that the $100BN Company Founder WeChat group was used from October through December 2023 and that some communications in the group occurred during Flexport business hours. Lacaillade Answer ¶ 49; Zhao Answer ¶ 49. Those judicially admitted facts are conclusively binding and no longer in dispute. *See Lacelaw*, 861 F.2d at 226. Defendants nevertheless seek to add that "the parties dispute whether any such communications during Flexport business hours pertained to business for what would become Freightmate."

Defendants contend that Flexport improperly "stops at the comma." What follows the comma is a denial, however, not part of the admission. Rule 8(b)(4) requires a party that admits only part of an allegation to "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). That is what

Lacaillade and Zhao did. The admitted portion identifies the facts withdrawn from dispute. The denial identifies a separate issue that remains disputed. Stating the admitted facts without appending the denial accurately preserves that distinction. Nor does Flexport's proposal create the misimpression Defendants claim. It states only that the group was used during the relevant period and that some communications occurred during Flexport business hours. It does not state what those communications concerned. No reasonable juror would understand the proposed admission as resolving that separate question. Defendants' denial therefore does not complete or qualify either admitted fact.

Defendants cannot avoid that problem by recasting their denial as the ostensibly neutral statement that "the parties dispute" the subject of the communications. That language is not an admitted fact. Including it in the list would place Defendants' denial alongside established facts and give it the appearance of an agreed or adjudicated proposition. The Court directed the parties to identify admissions, not to add disputed issues to the list. It should therefore adopt Flexport's proposed Admission No. 1 without Defendants' additional non-factual language. The same reasoning applies to Defendants' effort in Admission No. 2 to append a disputed explanation for the admitted meetings. Admission No. 3 presents a separate defect: Defendants seek to delete part of Lacaillade's express admission rather than complete it. *See* Exhibit B.

**Bellwether Example Number Two: Admission No. 5**

Flexport's proposed No. 5 states only the fact Zhao admitted: in late May 2024, he accessed Flexport's GitHub repository and downloaded "flexport-master.zip" — the source-code file his Narrative calls the "Zipped Source Code File" — to his Flexport laptop. It says nothing about his knowledge, purpose, or intent. Defendants would add that Zhao acted "inadvertently" and "while orienting himself to the features of the GitHub portal." Neither phrase completes the admitted fact. Rather, each supplies Zhao's disputed explanation for it. And because Flexport's proposal never suggests that Zhao acted intentionally or knew what the file contained, there is no misimpression for the explanation to correct. Rule 106 does not require added material simply because it might blunt an adverse inference. Fed. R. Evid. 106 advisory committee's note to 2023 amendment.

With completeness out of the picture, Rule 106 does not reach Flexport's evidentiary objections. Zhao's explanation is his own out-of-court statement offered for its truth, and Rule 801(d)(2) covers a party's statement only when it is offered against him. Nor does the state-of-mind exception apply: Rule 803(3) reaches only a then-existing mental state and excludes "a statement of memory or belief to prove the fact remembered or believed" — which is what Zhao's after-the-fact account of his intent is. The additions are therefore inadmissible hearsay. Fed. R. Evid. 801(d)(2), 802, 803(3). Nos. 4, 8, and 9 fail for the same reason. That Zhao deleted the files says nothing about whether he opened, shared, or distributed them; his denials cure no misimpression, and their truth is a credibility question for cross-examination, not an undisputed fact. The Court should adopt Flexport's Nos. 5, 4, 8, and 9 and reject Defendants' additions. *See* Exhibit B.

**Bellwether Example Number Three: Admission No. 7**

Flexport's proposal accurately reflects the Court's Rule 37(e) findings and the record behind them. No. 7 rests not on a party admission but on the Court's own findings and Freightmate's filed interrogatory response — established facts, whatever the label. The Court found that Defendants had a duty to preserve the prompt-engineering files, that the deleted ESI included such files on the

Freightmate Google Drive, and that the relevant deletions occurred on September 7, 2024, and that their loss prejudiced Flexport's ability to determine "how and to what extent Defendants relied on Flexport materials in developing Freightmate." ECF No. 283 at 9:17–11:18. Flexport's proposal identifies thirteen prompt-engineering files deleted on September 7, which Freightmate listed in its verified response to Interrogatory No. 8; Exhibit A supplies the September 7 deletion date for each. *See* ECF No. 196-6 at 16:28–17:22 & Ex. A, rows 184, 196, 198–99, 201–02, 211, 643, 958–59, 982–83, 2737. Defendants therefore incorrectly call the proposal a rewrite. Their interrogatory response's general reference to documents deleted on September 7 and 8 does not override the file-specific dates in its incorporated Exhibit A, and Magistrate Judge Kang described the files as prompt-engineering files.

Defendants' version omits some of the thirteen files, buries the remaining files among dozens of unrelated documents, and inserts Freightmate's disputed explanation for the deletions. The Court did not adopt that explanation as an established fact. Presenting the explanation alongside the admitted facts would give the jury the false impression that the Court had accepted it. Flexport's proposal also does not preempt the intent question left to the jury. It identifies what Lacaillade deleted and when and does not state that he acted with intent to deprive Flexport of evidence. Defendants' additions would obscure the relevant deletions, elevate a disputed explanation to an established fact, and confuse the issues. Fed. R. Evid. 401–403.

**<u>Defendants' Own Authorities Confirm Flexport's Position</u>**

Defendants' authorities confirm that Rule 106 applies only when the proposed material corrects a misleading impression. In *United States v. Burreson*, the Government introduced an excerpt of the appellants' prior testimony. The district court added material needed "to put it in proper context" but excluded the additional portions requested by the appellants as irrelevant. The Ninth Circuit affirmed. 643 F.2d 1344, 1349 (9th Cir. 1981). *Burreson* thus distinguishes material necessary to supply proper context from additional statements that do not serve that purpose.

*United States v. Collicott*, 92 F.3d 973 (9th Cir. 1996) draws the same line. It explains that completing material must "clarify or provide context" and that statements failing to do so "may be irrelevant and thus inadmissible." *Id.* at 981. It also rejected the proposed additions because the statement introduced was not a "misleadingly-tailored snippet" that distorted the declarant's meaning. *Id.* at 983. The 2023 amendment changed Rule 106 by extending it to all statements and permitting qualifying completing material over a hearsay objection. It did not eliminate the threshold requirement that the additional material actually correct a misimpression. Fed. R. Evid. 106 advisory committee's note to 2023 amendment.

Defendants' additions fail that requirement. They do not clarify the admitted facts or correct a distortion. They add disputed denials, explanations, and characterizations that Defendants want presented alongside those facts. *Burreson* and *Collicott* do not support that result.

**<u>Conclusion</u>**

Flexport respectfully requests that the Court accept Plaintiff's proposed judicial admitted facts. If the Court is inclined to accept Defendants' addition to a particular admitted fact, then Flexport respectfully requests that the fact not be included in the list of admitted/undisputed facts.

## DEFENDANTS' POSITION

The Court directed Flexport to prepare "verbatim admissions directly quoted from the answers or filings by Defendants," and invited Defendants to identify "additional portions to be included under [Federal Rules of Evidence] Rule 106 because the existing quotation will create a misimpression without" them. ECF No. 285 at 13. Defendants present the following bellwether examples of Flexport's improper proposals: (1) Flexport quotes half of a sentence from an Answer and omits the related denial that cabins it (Nos. 1, 2, 3); (2) Flexport rewrites a discovery response (***not*** a judicial admission) into a fact of its own composition (Nos. 4-9); and (3) Flexport lifts one portion of a sworn statement and omits the paragraphs providing necessary contexts and limits (Nos. 4, 6, 8, 9, and in part 4 and 6).

A judicial admission is a "formal admission[] in the pleadings" that "withdraw[s] a fact from issue," *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (citation omitted), and it withdraws ***only*** the fact actually admitted. Rule 106 provides that when a party introduces "all or part of a written or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time," and "may do so over a hearsay objection." Fed. R. Evid. 106. The 2023 amendment ended the argument Flexport repeats in every entry of the Exhibit B chart: that the completing portion is inadmissible because it is the declarant's own "self-serving" hearsay. "A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds[.]" Fed. R. Evid. 106 advisory committee's note to 2023 amendment; *accord United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) (remainder admissible "notwithstanding the bar on hearsay evidence" when offered "to correct a misleading impression in the edited statement"). The only question is whether the omitted portion is needed to correct the misleading impression the excerpt would create. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (where a party uses "a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant"); *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014).

The list of stipulated facts will be "marked as a trial exhibit and provided to the jury in its deliberations." Dkt. 285 at 13. There is a substantial risk that the jury will focus on the facts in the contemplated exhibit ***and disregard other admitted evidence that qualifies or explains the supposedly-admitted facts listed in the exhibit***. This is no doubt the risk the Court sought to mitigate when it invited Defendants to offer additional portions of the applicable statements to avoid creating misimpressions.

**Bellwether 1: The Denial Is Part of the Admission (Nos. 1, 2, 3)**

**Flexport's No. 1** states: "Lacaillade and Zhao used the $100BN Company Founder WeChat group from October to December 2023. Some of the communications in the WeChat group occurred during Flexport business hours." Paragraph 49 of Lacaillade's Answer reads, in relevant part: "Defendant [Lacaillade] admits that the $100BN Company Founder WeChat group was used from October to December 2023. Defendant admits that some of the communications in the WeChat group occurred during Flexport business hours, ***but denies that any communications 'pertained to business for what would become [f]reightmate.***'" Dkt. 202 ¶ 49 (emphasis added). Zhao's Answer is materially identical. Zhao Answer [Dkt. 220] ¶ 49. Flexport's proposed "admission" stops at the comma. It presents as undisputed that Lacaillade and Zhao communicated in the group

during business hours and withholds that the same sentence denies the only thing that makes the fact relevant: whether those communications concerned Freightmate.

Federal Rules of Civil Procedure Rule 8(b)(4) requires exactly this form of response: a party "that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). The denial is not an addition to the admission; it is the other half of the response the rule required. Reading the first half alone would invite the jury to infer the very fact the second half denies, which is the paradigm of a misleading excerpt. Defendants do not ask that their denial be presented as true. Their proposed language states only that "the parties dispute whether" the communications "pertained to business for what would become Freightmate." That is neutral, accurate, and the minimum fairness requires under Rule 106. Nos. 2 and 3 involve the same defect (partial admissions Flexport seeks to admit as complete) and should be resolved the same way.

**<u>Bellwether 2: Flexport's Proposed "Admission" Is Neither Verbatim Nor a Judicial Admission (Nos. 4, 5, 6, 7, 8, 9)</u>**

**Flexport's No. 7** reads: "On Saturday, September 7, 2024, Lacaillade deleted the following prompt engineering files on the Freightmate Google Drive," followed by thirteen file names. Flexport's sources are (a) a passage from Magistrate Judge Kang's order on the spoliation motion, ECF No. 283 at 10, and (b) Freightmate's Second Supplemental Response to Interrogatory No. 8, ECF No. 196-6 at 16-17. Neither is a judicial admission. A court's finding is not a party's admission, and answers to interrogatories are ***evidentiary*** admissions that a party may explain or contradict at trial, not conclusive judicial admissions. *Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982) (interrogatory answers do not "bind parties as an allegation or admission in a pleading or pre-trial order). This Court's order limited the instant exercise to "answers or filings." ECF No. 285 at 13.

Even on its own terms, Flexport's entry is a rewrite. The interrogatory response states that documents were deleted "on September 7 and 8, 2024," lists more than thirty files under the heading "Non-Shipping Docs," and explains that they "were deleted as part of freightmate's standard practice because the documents were no longer being used (as discernible from the last opened date) to remove noise." ECF No. 196-6 at 16-17. Flexport's version deletes September 8, adds "Saturday," relabels the documents "prompt engineering files," selects thirteen names, and drops the stated reason. Each edit is argument. Read to the jury as undisputed, the sentence would tell them that Lacaillade went into the drive on a weekend and targeted prompt files. That is Flexport's spoliation theory, and Judge Kang rejected its intent component, finding that "Plaintiff has not met its burden of proving that Defendants had the requisite intent to deprive Plaintiff of ESI." ECF No. 283 at 12:23-25. The remedy he ordered is a neutral CACI 204 instruction under which the jury "may consider whether one party intentionally concealed or destroyed evidence with the specific intent to deprive the other party of that evidence for use in this lawsuit." A stipulated fact drafted to pre-answer that question is not a permissible substitute for the instruction.

Flexport's proposed fact No. 7 should be removed altogether, as should Nos. 4, 5, 6, 8, and 9. Flexport remains free to prove the deletions and their circumstances through evidence at trial. What it may not do is compose its own sentence and attribute it to Defendants.

**<u>Bellwether 3: The Omitted Paragraphs Provide Context Required by Rule 106 (Nos. 4, 6, 8, 9)</u>**

**Flexport's No. 8** is derived from paragraph 31 of Zhao's Second Supplemental Narrative (again, not a judicial admission in a pleading), which states that on or about September 6, 2024, Zhao "deleted the Zipped Source Code File, and Shipping Documents from [his] External Hard Drive." If this statement must be included, Defendants ask that the jury also hear the relevant portions of paragraphs 10 and 21 of the same Narrative: that Zhao "ha[s] not opened the Zipped Source Code File," has "not shared the Zipped Source Code File with anyone," does "not know what is contained in" it, and has not "transferred the zipped Source Code to any other location." ECF No. 179-23 ¶¶ 10, 21.

This is the core application of Rule 106. Paragraphs 10 and 21 of the Narrative describe what Zhao did, and did not do, with the Zipped Source Code before deleting it. Read alone, paragraph 31 of the Narrative tells the jury that Zhao had Flexport's source code and destroyed it, inviting the inference that he used or distributed it first. The same Narrative says he did neither. Flexport's contention that these paragraphs are "unrelated" to the deletion cannot be squared with the text: paragraphs 10, 21, and 31 each refer to the "Zipped Source Code File" by its defined term. This is a request for the three sentences about the same file, not for "all redacted portions . . . without regard to content." *Vallejos*, 742 F.3d at 905.

Defendants submitted their Narratives following a stipulation and April 3, 2025 Order. Dkt. 24. The April 3, 2025 Order did not specify that statements in the Narratives would constitute judicial admissions, or that the Narratives would be treated differently from other sworn discovery responses, *i.e.*, evidentiary admissions that a party may explain or contradict at trial. If the Court determines excerpts from the Defendants' Narratives are "answers or filings by Defendants" for purposes of the contemplated trial exhibit, Rule 106 requires that additional portions of Narratives be highlighted to the jury alongside the portions Flexport offers in order to avoid misimpressions.

Flexport's remaining objections fail. The hearsay objection is answered by Rule 106's text: "The adverse party may [require the introduction of any other statement required] over a hearsay objection." The Rule 602 objection is misplaced: Zhao's personal knowledge of whether he opened or shared a file on his own hard drive is not in doubt, and Flexport's real complaint is that it disbelieves him, which is a matter for cross-examination. Nor does the spoliation ruling change the analysis. Judge Kang found no intent to deprive (Dkt. 283 at 12:23-26), and this Court has admitted Zeidman's opinion that Freightmate's code contains no literal or non-literal copying of Flexport's. Dkt. 285 at 4. Having left the inferences from the deletion to the jury under CACI 204, the Court should not present the deletion stripped of the sworn context that bears on those inferences. No. 9 (Operational Files, ECF No. 179-23 ¶¶ 11, 23, 32) presents the identical question. Because the Narrative is Zhao's statement alone, Freightmate and Lacaillade also request the limiting instruction the Court's order contemplates. ECF No. 285 at 13.

Defendants respectfully request that the Court exclude Flexport's Nos. 4, 6, 8, and 9, or alternatively, adopt Defendants' proposed language for No. 8, and for Nos. 4, 6, and 9 on the same reasoning.