**Spencer Fane LLP**
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722

Attorneys for Plaintiff
FLEXPORT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREIGHTMATE AI, INC.; YINGWEI (JASON) ZHAO; and BRYAN LACAILLADE,<br><br>Defendants. | Case No.: 3:25-cv-02500-RFL-PHK<br><br>**PLAINTIFF FLEXPORT, INC.'S PROPOSED TIMELINE OF EVENTS**<br><br>Action Filed: March 12, 2025<br>Trial Date: October 19, 2026 |

Pursuant to the Court's Rulings on Pretrial Matters (ECF No. 285), Plaintiff Flexport, Inc. ("Flexport") respectfully submits its version of the requested timeline of events for the Court's consideration. Despite Flexport's good-faith efforts, the parties were unable to agree on a joint timeline.

On September 22, 2026, Flexport sent over an example of timeline from another case that used a color-coded format distinguishing each side's disputed events and appeared to be consistent with what the Court requested the parties provide. On September 24, Flexport circulated the first populated draft, expressly invited Defendants to add their independent-development events, and requested Defendants' revisions by close of business on Friday, September 25, 2026.

Defendants represented that they would circulate their additions and edits that Friday, but did not provide them until Monday, September 28—the day before the timeline and four other substantive briefs were due. That delay left little meaningful time to reconcile the parties' substantially different approaches.

Defendants' proposed timeline did not comport with the purpose of the Court's order: to provide a concise chronology of key events that will assist the Court in addressing evidentiary issues efficiently during trial. Rather than simply identify events and use color coding to identify genuine disputes concerning their occurrence or timing, Defendants inserted argumentative characterizations of their own facts, inserted adversarial advocacy throughout, and bias editorial commentary into stipulated facts and events listed by Flexport. Defendants also included extraneous assertions that were not discrete key events. Defendants further inserted "facts" for which there was no supporting evidence in the record.

In multiple instances, Defendants' editorial characterizations of the events listed by Flexport were either demonstrably false or contradicted by the record. For example, in each event where Flexport indicates Defendants either acquired or used Flexport Shipping Documents, Defendants insisting on adding that "[n]one of these documents are alleged to be part of Flexport's 'curated corpus' of shipping documents that Flexport expert Kay said were used for AI training." Flexport explained to Defendants that it was both unnecessary and inaccurate, and then identified

the computer records produced by the parties and Flexport's interrogatory responses disproving that assertion.

Defendants' recalcitrance thus made it impossible for Flexport to endorse Defendants' version as a joint, neutral chronology.[1] Flexport nevertheless provided Defendants with redlines that preserved the factual events Defendants proposed while removing inappropriate argument, advocacy, and editorializing. They rejected that more neutral version and instead insisted that Flexport sign onto Defendants' one-sided presentation. Flexport could not properly do so.

Accordingly, Flexport submits for the Court's consideration the attached version, which presents a streamlined chronology of key events, preserves stipulated and admitted facts without argumentative alteration, and uses color coding to identify genuine disputes without converting the timeline into competing briefing. Specifically, the entries in black font represent undisputed facts, the entries in blue font represent Plaintiff's facts that Defendants dispute, and the entries in green font represent Defendants' facts that Plaintiff disputes.

Respectfully submitted,

Date: September 29, 2026

SPENCER FANE LLP

By: _/s/ Jeffrey M. Ratinoff_
John V. Picone III
Jeffrey M. Ratinoff
Jennifer S. Coleman
Jing H. Cherng
*Attorney for Flexport, Inc.*

[1] Flexport requested that Defendants provide an updated version of the timeline they intended to file showing that they removed the specific inaccurate and baseless statements flagged by Flexport. However, they refused to do so and insisted on filing their timeline as-is with a vague representation that they would "note entries that include Defendants' disputed contentions."