**Spencer Fane LLP**
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722

Attorneys for Plaintiff
FLEXPORT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREIGHTMATE AI, INC.; YINGWEI (JASON) ZHAO; and BRYAN LACAILLADE,<br><br>Defendants. | Case No.: 3:25-cv-02500-RFL-PHK<br><br>**PLAINTIFF FLEXPORT, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS (DKT NO. 283)**<br><br>Judge: Hon. Rita F. Lin<br><br>Action Filed: March 12, 2025<br>Trial Date: October 19, 2026 |

Plaintiff Flexport, Inc. moves pursuant to FRCP 72(a), 28 U.S.C. § 636(b)(1)(A), and Civ. L.R. 72-2 for relief from the September 17, 2026 Order on Flexport's Rule 37(e) motion (Dkt. 283). Flexport only objects to the finding that it did not prove intent under Rule 37(e)(2) for the September 7 destruction of Freightmate's prompt engineering files. Flexport requests that the Court set aside the Rule 37(e)(2) no-intent finding as to that event. The Court should find intent to deprive and instruct the jury that (1) Defendants had a duty to preserve the prompt files; (2) that they failed to preserve those files; and (3) that the jury may presume the prompt files would have shown that Defendants used Flexport's materials to develop Docmate in violation of the DTSA and CUTSA and in breach of Lacaillade and Zhao's contractual obligations owed to Flexport.

## I. <u>APPLICABLE LEGAL STANDARDS</u>

A district judge must modify or set aside any part of a magistrate judge's nondispositive order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A factual finding is clearly erroneous when the reviewing court has a definite and firm conviction that a mistake was committed. *Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). Legal conclusions are reviewed de novo. *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). Intent under Rule 37(e)(2) means willfully destroying evidence to prevent an adverse party from discovering it. *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). Courts may infer intent from circumstantial evidence, including "the timing of destruction, affirmative deletion steps, and selective preservation." *Id.*

## II. <u>THE ORDER FAILED TO ANALYZE THE SEPTEMBER 7 PROMPT ENGINEERING FILE DESTRUCTION WHEN DECIDING INTENT</u>

Rule 37(e)(2) required the Magistrate Judge to decide whether Defendants intended to deprive Flexport of the ESI they destroyed. The Order found that Defendants had a duty to preserve the prompt engineering files, that the files were irretrievably lost, and that their loss prejudiced Flexport on the critical question of "how and to what extent Defendants relied on Flexport materials in developing Freightmate." Order at 9:17–11:18. But the intent-to-deprive analysis addressed only the July 1 deletion of Flexport shipping documents and Defendants' claim that the September 6 letters directed them to delete Flexport materials. *Id*. at 11:19–12:16. It never

analyzed Lacaillade's separate deletion of Freightmate's prompt files on September 7.

The prompt engineering files were critical evidence of use. Docmate was built to classify shipping documents and extract structured data from them. Dkt. 179-3 at 9:18-10:11, 17:25–19:3. Freightmate developed Docmate by running documents against GPT-4o with an initial set of prompts, comparing the outputs to expected results, revising the prompts, and repeating the process until accuracy reached a target threshold. Dkt. 179-19 at 10:10–18, 11:21–12:19. The deleted files would have shown Defendants' instructions, the fields and document types they targeted, the errors they corrected, and the iterations through which Docmate's extraction capabilities developed. Dkt. 179-3 at 22:1–7; Dkt. 179-5 ¶¶ 11–13, 26, 29–30. Defendants admit that they ran Flexport shipping documents through GPT-4o in May and June 2024 and obtained inaccurate or inconsistent results. Dkt. 179-19 at 8:3–9, 10:10–18. They nevertheless claim that Docmate achieved more than 95% digitization accuracy by July 19 using prompt engineering with the same model. *Id.* at 12:20–23; Dkt. 179-3 at 10:2–11. The deleted prompts were primary contemporaneous evidence of whether and how the FlexID documents drove that rapid improvement. Dkt. 179-3 at 21:14–22:21; Dkt. 179-5 ¶¶ 11–13, 26, 29–30.

The undisputed chronology renders the omission dispositive. The September 6 deletions were Flexport operational and shipping materials. The September 7 deletions were Freightmate's prompt engineering files. Dkt. 179-3 at 13:4–22; Dkt. 194 at 2:7–13, 2:22–27, 6:17–7:4, 16:17–17:10; Dkt. 196-6 at 16:28–17:22. As the Order found, Defendants' preservation duty attached upon receipt of the September 6 letters. Order at 8:1–9. A claimed direction concerning ***Flexport's files*** thus cannot explain or excuse Lacaillade's destruction of ***Freightmate's files*** the next day. Rule 37(e)(2) requires an intent finding directed to the party and loss at issue. *Jones*, 95 F.4th at 735. The Order's failure to analyze intent in connection with the September 7 destruction was contrary to law. Any implicit no-intent finding was clearly erroneous because the Order neither analyzed the September 7 destruction nor reconciled it with its findings about the prompt files. Viewed under the correct standard, the record detailed below provides strong circumstantial evidence that Defendants destroyed the prompt engineering files on September 7 to deprive Flexport of that proof.

## III. THE ORDER'S SELECTIVE-PRESERVATION ANALYSIS IS CONTRARY TO *JONES* AND FAILS TO ADDRESS THE EVIDENCE OF SELECTIVE LOSS

The Order made a second legal error. It failed to apply *Jones* to Defendants' selective-preservation evidence. Under *Jones*, intent to deprive may be inferred from circumstantial evidence, and selective preservation is a core indicator—alongside the timing of destruction and affirmative steps to delete. 95 F.4th at 735–36. Flexport squarely raised the point, arguing under *Jones* that Defendants preserved the evidence supporting their independent development story while affirmatively deleting the contemporaneous prompt files most likely to reveal misconduct. Dkt. 179-3 at 23:5–24:5; Dkt. 207-3 at 13:9–14:6. Freightmate identified a September 7–8 deletion event that included thirteen prompt engineering files and folders. Dkt. 196-6 at 16:28–17:22. Freightmate recovered other prompt and development files deleted in the same event, but the key contemporaneous prompt engineering files were permanently lost. *Id.* at 18:16–25, 20:6–25.

Defendants never explained why some files from the same deletion event survived while the critical prompt engineering files did not. Flexport also submitted unrebutted expert testimony from Dan Regard on this issue. *See* Dkt. 179-6, ¶¶ 59–74, 93–94 Dkt. 207–8, ¶¶ 23-43, 110. Regard explained that Google Drive recovery windows remained open for the September 7-8 deletions when Defendants engaged Lighthouse on September 25. Dkt. 179-6, ¶¶ 60–61, 67–74; Dkt. 207-8, ¶¶ 25–27, 30, 35. He found no record that Freightmate or Lighthouse attempted to recover the missing prompts. Dkt. 179-6, ¶¶ 72–74; Dkt. 207-8, ¶¶ 35, 38, 40–43. Regard concluded that the deletion activity was "user-activity that was applied selectively" and that recovery was "only selectively exercised." Dkt. 179-6, ¶ 110; Dkt. 207-8, ¶ 4. Defendants offered no contrary forensic opinion and no explanation for their piecemeal recovery. Dkt. 207-8, ¶ 43. The unrebutted evidence thus showed selective preservation of some prompts and permanent loss of the key prompts most capable of revealing how Docmate was developed.

The Order inverted the analysis required by *Jones*. It reasoned that Defendants would not have preserved "other evidence" had they intended to deprive Flexport, and thus treated partial preservation as disproving intent to deprive. Order at 12:16–19. But *Jones* identifies selective preservation as evidence of intent to deprive and holds that producing some evidence does not

excuse destroying other relevant evidence. 95 F.4th at 735–36. *Jones* also upheld an intent finding where the spoliator could not explain why certain materials were deleted while others from the same period were preserved. *Id.*

The same unexplained selectivity exists here. Defendants preserved evidence supporting their independent development story, while the contemporaneous prompts most capable of testing that story were permanently lost. Dkt. 207-3 at 13:9–14:22. The Order did not confront that pattern. Nor did it reconcile the no-intent finding with its conclusions that the prompt files were subject to Defendants' preservation duty, irreplaceable, relevant to whether and how they relied on Flexport materials, and prejudicial in their loss. Order at 9:17–11:18. Treating partial preservation as exculpatory was therefore contrary to the principles enumerated in *Jones*.

Applied correctly, *Jones* points one way. The timing of the deletion, the affirmative steps to delete, and the unexplained selectivity of what Defendants recovered from the September 7-8 deletions permit only one reasonable inference—intent to deprive. At a minimum, that evidence cannot support a no-intent finding, and finding otherwise was clearly erroneous.

## IV. <u>THE ORDER'S TREATMENT OF DEFENDANTS' "DELETE AND CERTIFY" EXPLANATION WAS CONTRARY TO LAW AND CLEARLY ERRONEOUS</u>

Intent to deprive is proved by circumstantial evidence, not by the spoliating party's say-so. *Jones*, 95 F.4th at 735. That standard required the Court to determine intent from the objective circumstances surrounding the September 7 deletion of the prompt engineering files, testing Defendants' tenuous reading of the September 6 letters against the letters' plain text and the surrounding conduct. Instead, the Order accepted that reading at face value—labeling it "arguably mistaken" and treating the deletion as negligence at most—without measuring it against the record. Order at 12:7-15. Crediting that explanation without the scrutiny *Jones* requires misapplied the governing standard and rendered the no-intent finding contrary to law.

Applying that scrutiny, Defendants' reading collapses. Defendants cannot make the September 6 letters both the trigger of their preservation duty and a license to destroy evidence within its scope. That duty arose by operation of law and did not depend on Flexport repeating the word "preserve." *See Sonrai Sys., LLC v. Romano*, 2021 WL 1418405, at *10 & n.15 (N.D. Ill.

Jan. 20, 2021) (letter demanding return of company property created a duty to preserve without using the words "preserve" or "preservation"). In any event, the letters did not direct deletion. The letters sought confirmation of *past compliance* with the attached agreement, which required Lacaillade and Zhao to act only "as directed by the Company" when returning, deleting, or destroying proprietary materials. Return was an available option; unilateral destruction before any sworn response was not. Order at 2:7–12; Dkt. 181-27 at p. 3. A demand that Lacaillade and Zhao confirm their handling of Flexport's property cannot explain the destruction of ***Freightmate's*** prompt engineering records the next day. *See* Dkt. 179-3 at 12:26–13:24; Dkt. 5:21–7:7.

Defendants' September 6-8 consultations with three law firms about allegations of unlawful copying show that they understood the legal significance of the September 6 letters. Dkt. 179-3 at 13:6-15; Dkt. 181-30 at pp. 4–5, Entries 9-11; Dkt. 207-3 at 5:21–7:1. Lacaillade deleted the prompt files anyway—the day after the letters, while those consultations were underway. The Order treated the consultations as exculpatory, reasoning that it would not infer that counsel encouraged spoliation. Order at 12:19–22. But that answered an argument Flexport never made. The privilege logs show Defendants' awareness of accusations of misappropriation, and drawing an inference of innocent intent from that record was clearly erroneous.

Courts sanction exactly this conduct. A party that, "[a]fter being on notice," "knowingly and willfully discarded ... relevant evidence" without a litigation hold was "highly at fault" and faced a permissive adverse-inference instruction. *Clear-View Technologies, Inc. v. Rasnick*, 2015 WL 2251005, at *9–*10 (N.D. Cal. May 13, 2015). Defendants did the same—on notice, consulting counsel about Flexport's claims, and destroying their own development records the next day. On this record, their explanation could not bear the weight the Order placed on it, and crediting it was clear and unmistakable error.

## V. <u>CONCLUSION</u>

Flexport respectfully requests that the Court set aside the Order's Rule 37(e)(2) no-intent-to-deprive finding concerning the September 7 prompt engineering file destruction. The Court should find Defendants acted with an intent to deprive and give an affirmative adverse-inference instruction to the jury as requested above.

Dated: October 1, 2026

RESPECTFULLY SUBMITTED,

SPENCER FANE LLP

*/s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Jennifer S. Coleman
Jing H. Cherng
Attorneys for Plaintiff,
FLEXPORT, INC.