**SPENCER FANE LLP**
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722

Attorneys for Plaintiff,
FLEXPORT, INC.

**ALTO LITIGATION, PC**
Bahram Seyedin-Noor (SBN: 203244)
bahram@altolit.com
Bryan Ketroser (SBN: 239105)
bryan@altolit.com
Kevin J. O'Brien (SBN: 278823)
kevin@altolit.com
Anthony Basile (SBN: 247409)
anthony@altolit.com
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 779-2586
Fax: (415) 306-8744

Attorneys for Defendants,
FREIGHTMATE AI, INC. and BRYAN LACAILLADE

**CHAN PUNZALAN LLP**
A. Chowning Poppler (SBN: 272870)
chowning@chanpunzalan.com
Mark Punzalan (SBN: 247599)
mark@chanpunzalan.com
Jeremy Faulkner (SBN: 359766)
jeremy@chanpunzalan.com
22 Battery Street, Suite 800
San Francisco, CA 94111
Tel: 415-839-0063

Attorneys for Defendant,
YINGWEI (JASON) ZHAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLEXPORT, INC.,

Plaintiff,

v.

FREIGHTMATE AI, INC.; YINGWEI (JASON) ZHAO; and BRYAN LACAILLADE,

Defendants.

Case No.: 3:25-cv-02500-RFL-PHK

**[~~PROPOSED~~] STIPULATED JUDGMENT**

Action Filed: March 12, 2025
Pretrial Conference: September 15, 2026
Trial: October 19, 2026

Plaintiff Flexport, Inc. ("Flexport") and Defendants freightmate ai, Inc. ("Freightmate"), Yingwei (Jason) Zhao ("Zhao"), and Bryan Lacaillade ("Lacaillade") (Freightmate, Zhao, and Lacaillade collectively, "Defendants"; Flexport and Defendants collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate to the entry of this Stipulated Judgment and Permanent Injunction in full and final resolution of all claims asserted in this action.

WHEREAS, on June 10, 2026, Flexport filed its Second Amended Complaint (Dkt. No. 189) asserting claims for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq., against all Defendants, and for breach of contract and breach of fiduciary duty against Zhao and Lacaillade;

WHEREAS, Defendants have answered the Second Amended Complaint and deny liability;

WHEREAS, the Parties have entered into a confidential Settlement Agreement resolving this action (the "Settlement Agreement"), a condition of which is the entry of this Stipulated Judgment; and

WHEREAS, the Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367 and 18 U.S.C. § 1836(c), and personal jurisdiction over each of the Parties, and venue is proper in this District;

NOW, THEREFORE, the Parties stipulate, and the Court ORDERS, as follows:

## I. STIPULATED FACTS

1. Zhao acknowledges that he acquired Flexport confidential and proprietary information, including trade secrets.

2. Zhao, Lacaillade, and Freightmate acknowledge that they acquired, and used some portion of, approximately 2,000 confidential Flexport shipping documents.

3. Defendant Zhao knew, or should have known, that acquiring confidential shipping documents and trade secrets violated his agreements with Flexport.

4. Defendant Lacaillade knew, or should have known, that acquiring confidential shipping documents violated his agreements with Flexport.

5. The foregoing stipulations are made solely for purposes of this action and the entry and enforcement of this Stipulated Judgment. Except as expressly stated in this Section I, nothing in this Stipulated Judgment constitutes an admission by any Defendant of any fact, and Defendants do not admit the truth of any other allegation in the Second Amended Complaint.

## II. DEFINITIONS

6. "Flexport Data" means any documents, files, data, source code, or other information, in any form or medium, that Zhao or Lacaillade obtained from Flexport's systems, accounts, or personnel during or by reason of their employment with Flexport and that Flexport designated or maintained as confidential, proprietary, or trade secret, including without limitation the approximately 2,000 confidential Flexport shipping documents referenced in Section I, together with all copies, excerpts, summaries, and derivatives thereof. Flexport Data does not include (a) information that is or becomes generally available to the public other than through a breach of a confidentiality obligation owed to Flexport or of this Stipulated Judgment, (b) the general skills, knowledge, and experience of Zhao and Lacaillade, or (c) information that Freightmate independently developed or lawfully obtained from a third party without use of Flexport Data, as confirmed by the Neutral Examiner under Section IV.

7. "Freightmate Products" means all software, models, datasets, prompts, workflows, products, and services developed, offered, or sold by Freightmate, whether now existing or hereafter developed.

8. "Neutral Examiner" means the independent forensic examiner selected under Section IV.

## III. PERMANENT INJUNCTION

9. Except as required by Section IV, Defendants and their officers, directors, agents, servants, employees, assigns and all other persons acting in concert or participation with any of them, in each case who receive actual notice of this Stipulated Judgment by personal service or otherwise, are permanently enjoined and restrained from possessing, accessing, copying, using, or disclosing any Flexport Data for any purpose. Nothing in this Paragraph prohibits a disclosure required by law or court order, provided that, where legally permitted, the disclosing Defendant

gives Flexport prompt written notice so that Flexport may seek protection.

10. Defendants are permanently enjoined from using, offering, or selling any Freightmate Product to the extent it incorporates, was trained on, or is otherwise derived from Flexport Data, except to the extent the Neutral Examiner confirms under Section IV that the Flexport Data has been removed and the Freightmate Product no longer relies on it. For the avoidance of doubt, nothing herein shall prevent Freightmate from using, offering, or selling its products during the period from entry of this Stipulated Judgment through the certifications required by Paragraph 17, or even after that period, provided that Defendants have complied with Section IV, the Neutral Examiner's report under Paragraph 17 confirms that all identified Flexport Data has been deleted or returned, and Defendants have delivered the certifications required by Paragraph 17

11. Nothing in this Stipulated Judgment prohibits Defendants from competing with Flexport, from developing or selling freight-forwarding software or services through independent means, or from using information excluded from the definition of Flexport Data.

## IV. FORENSIC INSPECTION AND REMEDIATION PROTOCOL

12. **Selection.** The Parties agree to use Andy Crain of Sync Forensics as Neutral Examiner for the forensic inspection and remediation protocol described herein. The Neutral Examiner is already bound by the Stipulated Protective Order entered in this action (Dkt. No. 78) and by a written confidentiality undertaking, and shall act as a neutral, owing duties to all Parties equally. The Neutral Examiner is not a special master under Federal Rule of Civil Procedure 53.

13. **Costs.** The Neutral Examiner has agreed to cap costs for this forensic inspection at $25,000. Freightmate shall bear the Neutral Examiner's fees and costs for the forensic inspection up to the stated $25,000 cap. Freightmate shall also bear the Neutral Examiner's fees and costs for appropriate remediation efforts directed by the Neutral Examiner.

14. **Scope.** Within twenty (20) business days after entry of this Stipulated Judgment, Flexport shall deliver to the Neutral Examiner a manifest (the "Reference Manifest") of each Flexport shipping document identified in production document FLEXPORT_279929 that Flexport is able to locate in its systems (each, a "Reference Document"). For each Reference

Document, the Reference Manifest shall state (if available): (a) its file name; (b) each Flexport shipment number appearing on it, if any (a "FlexID"); (c) its file size; and (d) its MD5 hash values, computed by Flexport on its stored copy. The file name, FlexIDs, and hash values of a Reference Document constitute its "Reference Fingerprint." Freightmate shall provide the Neutral Examiner with forensic images of hard drives used by Lacaillade (image made in or around August 2025) and Rishab Gadroo (image made in or around October 2024), as well as temporary access to Freightmate's Google Cloud Storage (GCP) and S3 (AWS). Upon receipt of the Reference Manifest from Flexport, as well as the aforementioned repositories and access from Freightmate, the Neutral Examiner shall examine both those repositories and sources, and the repositories previously made available to the Neutral Examiner pursuant to the Court's April 30, 2026 Order in the Litigation (Dkt. No. 157), to determine whether any of those repositories or sources contain one or more Reference Documents.

15. **Remediation.** The Neutral Examiner shall supervise the permanent deletion or, at Flexport's election, the return to Flexport, of all Flexport Data identified, and shall direct any modification of a Freightmate Product necessary so that it does not incorporate or rely on Flexport Data. Defendants shall implement the Neutral Examiner's directions within the time the Neutral Examiner sets. Until the Neutral Examiner directs its removal, Defendants shall preserve all Flexport Data in their possession, custody, or control and shall not access or use it for any purpose other than compliance with this Section IV.

16. **Cooperation.** Defendants shall provide the Neutral Examiner with prompt and complete access to the systems, devices, accounts, and personnel described in this Section IV, and shall respond to the Neutral Examiner's reasonable requests for information within five (5) business days.

17. **Report.** The Neutral Examiner shall complete the protocol and deliver a written report to counsel for all Parties no later than January 30, 2027. The report shall state (a) whether Flexport Data was identified and, if so, its general nature and volume and the locations in which it was found; (b) that all identified Flexport Data has been deleted or returned; and (c) whether any Freightmate Product incorporated, was trained on, or was derived from Flexport Data and, if so,

that it has been remediated. The report shall not disclose to Flexport any source code, product architecture, customer information, or other confidential information of Freightmate that is not Flexport Data. Each Defendant shall certify under penalty of perjury, within twenty (20) business days after delivery of the report, that it has complied with the Neutral Examiner's directions and no longer possesses any Flexport Data.

18. **Disputes.** Any dispute concerning the Neutral Examiner's scope, methods, directions, or report shall be submitted to the Court, which retains jurisdiction to resolve it.

## V. ENTRY OF STIPULATED JUDGMENT

19. Judgment is entered on the terms set forth herein.

20. All claims for monetary relief asserted in the Second Amended Complaint have been resolved by the Parties' Settlement Agreement and are dismissed with prejudice.

21. While the Parties have stipulated to certain facts in Section I above, the Court makes no findings of fact and no determination of liability on any claim; the relief in Sections III and IV is entered on the Parties' stipulation.

22. Except for the relief granted in Sections III and IV, all other claims and requests for relief in this action are dismissed with prejudice.

23. This Stipulated Judgment adjudicates all claims and defenses asserted in this litigation and is a final judgment. However, the Court shall retain jurisdiction over this action and over the Parties to rule on pending motions to seal and to enforce and interpret this Stipulated Judgment, including the permanent injunction in Section III and the protocol in Section IV, and to enforce the Parties' Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). In any proceeding to enforce or interpret this Stipulated Judgment or the Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs. Any motion to enforce or interpret this Stipulated Judgment or the Settlement Agreement shall be filed in this action.

24. Each Party shall bear its own attorneys' fees and costs incurred in this action.

/ / /

/ / /

25. The Parties waive any right to appeal from this Stipulated Judgment, except from an order resolving a dispute under Paragraph 18 or a motion to enforce this Stipulated Judgment or the Settlement Agreement.

26. The trial date and all remaining pretrial deadlines are VACATED.

**IT IS SO STIPULATED.**

Dated: October 8, 2026

By: */s/ John V. Picone III*
**SPENCER FANE LLP**
John V. Picone III (State Bar No. 187226)
jpicone@spencerfane.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@spencerfane.com
Jennifer S. Coleman (State Bar No. 213210)
jcoleman@spencerfane.com
Jing H. Cherng (State Bar No. 265017)
gcherng@spencerfane.com
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 286-5100
Facsimile: (408) 286-5722

Attorneys for Plaintiff,
FLEXPORT, INC.

Dated: October 8, 2026

By: /s/ Bahram Seyedin-Noor
**ALTO LITIGATION, PC**
Bahram Seyedin-Noor (SBN: 203244)
bahram@altolit.com
Bryan Ketroser (SBN: 239105)
bryan@altolit.com
Kevin J. O'Brien (SBN: 278823)
kevin@altolit.com
Anthony Basile (SBN: 247409)
anthony@altolit.com
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 779-2586
Fax: (415) 306-8744

Attorneys for Defendants,
FREIGHTMATE AI, INC. and BRYAN LACAILLADE

Dated: October 8, 2026

By: /s/ Mark Punzalan

**CHAN PUNZALAN LLP**
A. Chowning Poppler (SBN: 272870)
chowning@chanpunzalan.com
Mark Punzalan (SBN: 247599)
mark@chanpunzalan.com
Jeremy Faulkner (SBN: 359766)
jeremy@chanpunzalan.com
22 Battery Street, Suite 800
San Francisco, CA 94111
Tel: 415-839-0063

Attorneys for Defendant,
YINGWEI (JASON) ZHAO

## ATTESTATION

I, John V. Picone III, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 8, 2026

By: */s/ John V. Picone III*
John V. Picone III

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Court, having considered the Parties' Joint Motion to Enter Stipulated Judgment (Dkt. No. __), finds that this Stipulated Judgment is fair, reasonable, and equitable, comes within the general scope of the pleadings, furthers the objectives of the statutes on which the Second Amended Complaint is based, and does not violate the law or public policy, and that the permanent injunction in Sections III and IV, which issues on the Parties' consent and the facts stipulated in Section I, satisfies Federal Rule of Civil Procedure 65(d).

**IT IS SO ADJUDGED AND ORDERED.**

Date: October 8, 2026

HON. RITA F. LIN
United States District Judge